**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:08-cv-01236-CBS-BNB

ACE American Insurance Corporation, a Pennsylvania corporation; Indemnity Insurance Company of North America, a Pennsylvania corporation; National Surety Corporation, an Illinois corporation; the American Insurance Company, an Ohio corporation;

                Plaintiffs,

    v.

Aurora Dairy Corporation, d/b/a Aurora Organic Dairy, a Delaware corporation,

                Defendant.

---

**PLAINTIFFS'/COUNTER DEFENDANTS' MOTION TO JOIN, OR TO COMPEL JOINDER OF, ADDITIONAL COUNTERDEFENDANT**

Pursuant to Rules 19 and 21 of the Federal Rules of Civil Procedure Plaintiffs'/Counter Defendants hereby move to have Counter Plaintiff Aurora or this Court join Nationwide Agribusiness Insurance Company ("Nationwide") as a counter defendant in this matter and to require counter plaintiff Aurora to file and serve an Amended Complaint naming Nationwide as counter defendants. Counter defendants seek this order because disposing of Aurora's counterclaims currently pending against Plaintiffs/Counter Defendants without this other insurer, which also issued an insurance

policy to Counter Plaintiff Aurora, would subject the parties to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

1. **Background**

   a. **Counter Defendant Insurers' Claims For Declaratory Relief Against Aurora**

Plaintiffs/Counter Defendants have provided commercial general liability insurance to Defendant/Counter Plaintiff Aurora under various insurance policies and covering varying periods of coverage as described in detail in the Complaint.  (See Docket No. 1, Complaint for Declaratory Relief, ¶¶ 14-16, 18-20, 22, 24, 26, 28, 30, 31, and 33.)  Aurora has been named as a defendant in numerous consumer class actions in which the named plaintiffs seek certification of statewide and nationwide classes of individuals claiming to have sustained an economic and other loss because they paid a higher price for the milk processed by Aurora based on the allegedly false certification that it was "organic."  (Id. ¶ 9.)

Specifically, the claims against Aurora include:  unjust enrichment, breach of express and implied warranties, violation of various states' deceptive trade practices acts (including false advertising), violation of various consumer protection statutes, breach of contract, false representation, and unfair competition.  (Id.)  The plaintiffs in the action captioned:  Katherine Mothershead and Leonie Lloyd v. Aurora Dairy Corporation d/b/a Aurora Organic Dairy, Case No. 4:07-cv-01701, United States District Court for the for the Eastern District of Missouri, filed October 7, 2007 ("Mothershead") also allege a

claim of negligence, stating that Aurora had a duty to describe its milk products accurately and that it breached its duty by saying the milk was organic when it knew or should have known that it was not.  (<u>See</u> Docket No. 34, 11/25/08 Amended Scheduling Order, pp. 2-3 (Plaintiffs' Statement of Claims).)   Thus, while framed in terms of negligence, the conduct is the same, i.e., Aurora sold non-organic milk at organic milk prices.  (<u>Id.</u>)

Plaintiffs ACE American Insurance Company ("ACE"), Indemnity Insurance Company of North America ("IICNA"), and National Surety Corporation ("NSC") have agreed to provide a defense to Aurora in <u>Mothershead</u>, subject to a reservation of rights that includes the right to seek a declaratory ruling with respect to these insurer's obligations.  (Docket No. 1, Complaint, ¶ 10.)  Plaintiffs/Counter Defendants are seeking a declaration that they have no obligation to defend or indemnify Aurora in <u>Mothershead</u> because there is no coverage available for those claims.   (<u>Id.</u> ¶ 41.)

### b.    Aurora's Counterclaims Against Party Insurers

Aurora brought the following counterclaims against the Plaintiff Insurers:  (1) Aurora seeks a judicial determination of the obligations of the Insurers to reimburse Aurora's costs of defense to date and to pay such further defined costs as Aurora may hereafter incur in connection with <u>Mothershead</u>; (2) the Insurers have breached their duties under the insurance policies by failing to defend Aurora in <u>Mothershead</u>; (3) the Insurers have acted in bad faith by unreasonably failing to defend Aurora in

<u>Mothershead</u>; and (4) the Insurers (i) breached their contractual obligations to Aurora, (ii) breached the implied duty of good faith and fair dealing and (iii) acted in bad faith.  (<u>See generally</u> Docket no. 13.)  Despite having tendered the defense to them, which tender was rejected, Aurora has failed to name Nationwide as a defendant to its counterclaims.  (<u>See</u> Declaration of Debora L. Verdier, attached hereto as Exhibit A, ¶¶ 4 and 7.)

### c.     Nationwide Issued An Insurance Policy To Aurora

Nationwide Agribusiness Insurance Company ("Nationwide"), an Iowa corporation, issued policy number CPP125403A to Aurora for policy period June 1, 2007 to June 1, 2008.  (<u>Id.</u> ¶¶ 2, 3.)  Aurora tendered the defense of the <u>Mothershead</u> action to Nationwide, which has not accepted Aurora's tender.  (<u>Id.</u> ¶ 4.)  ACE, IICNA and NSC have entered into an interim funding agreement with Aurora regarding the <u>Mothershead</u> action.  (<u>Id.</u> ¶ 5)  Nationwide has refused to participate in the defense of Aurora concerning the <u>Mothershead</u> action.  (<u>Id.</u> ¶ 6)  Plaintiffs have requested that Nationwide voluntarily join as a plaintiff and it has, thus far, refused to do so.  (<u>Id.</u> at ¶ 8.)  Plaintiffs have met and conferred with Aurora pursuant to Local Rule 7.1(A) and understand that Aurora is contemplating bringing an action against Nationwide, which would render moot this motion.  However, as the parties continue to work toward a procedural resolution that would require the participation of Nationwide in this matter, and in light of the current deadline to join parties, Plaintiffs file this motion as a cautionary measure.

If Aurora successfully brings in Nationwide as a counter defendant to its counterclaims, Plaintiffs will withdraw this motion as moot.

## 2.      Argument

Rule 21 permits the court to correct issues of nonjoinder of parties where the nonjoined parties are necessary parties.  See United States v. Commercial Bank of North America, 31 F.R.D. 133, 135 (S.D.N.Y. 1962) (Rule 21 is available to defendants as well as plaintiffs if the defendant can demonstrate sufficient grounds); United States v. Hansel, 999 F. Supp. 694, 697 (N.D.N.Y. 1998) (Rule 21 is intended to permit adding a person who was excluded by mistake or some other reason but whose presence as a party is necessary).  Because Rule 21 does not provide specific standards for adding nonjoined parties, the party seeking to join a new party must satisfy the other rules for joinder, such as Rule 19 or Rule 20.  Commercial Bank, 31 F.R.D. at 135.

Rule 19 compels the joinder of Nationwide as a counter defendant because each is subject to service of process, their joinder will not deprive the court of subject-matter jurisdiction and, in the absence of this party, the existing parties cannot be accorded complete relief.  F.R.Civ.P., Rule 19(a)(1)(A).

Nationwide is a citizen and resident of the State of Iowa and is subject to the personal jurisdiction of this court and may be duly served with process in this matter. The joinder of Nationwide would not deprive this court of subject matter jurisdiction or make venue in this court improper.  (Ex. A, ¶ 2.)  In the absence of Nationwide, which

also provided coverage to Aurora, the existing parties, including Plaintiffs and Aurora, cannot be accorded complete relief.

Nationwide is an entity to be joined if feasible, that is, it is a necessary party within the meaning of Rule 19(a) of the Federal Rules of Civil Procedure in that it has an interest in the subject matter of Aurora's counterclaims ("this action") and disposition of this action in the absence of Nationwide may impair its ability to protect its interests or leave it subject to inconsistent liabilities.

Alternatively, Rule 20 compels the joinder of Nationwide because (1) a right to relief has been asserted by Aurora against the Counter Defendant Insurers relating to or arising out of the same transaction or occurrence; and (2) some questions of law or fact common to all the parties will arise in the action.  See League to Save Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977).  Specifically, the underlying litigation for which Aurora seeks a defense is the same regardless of who the insurers are.  To analyze the coverage issues, the court will be looking at the Motherhead Complaint, regardless of who the insurer is.  Because Nationwide provided insurance coverage to Aurora the issues involve common questions of law or fact.  Permissive joinder under Rule 20 is to be construed liberally so as "to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits."  Id.

Like the counter defendant insurers, Nationwide issued a liability insurance policy to Aurora.  For its counterclaims, Aurora is seeking a declaration that the general liability

policies issued by the party insurers provide coverage.   If Aurora prevails, then Nationwide would also be obligated to provide coverage and would be obligated to participate in the defense and possible indemnification of Aurora.

Therefore, pursuant to Rule 21 and either Rule 19 (necessary parties) or Rule 20 (proper parties), Counter Defendant Insurers respectfully request the Court to enter an order joining Nationwide in this action or, alternatively, compelling the joinder of Nationwide as defendants to Aurora's counterclaims.

Respectfully submitted this 11th day of February, 2009.

**SANDERS & PARKS, P.C.**


By s/Debora L. Verdier
  Garrick L. Gallagher
  Garrick.Gallagher@SandersParks.com
  Debora L. Verdier
  Debora.Verdier@SandersParks.com
  1300 SCF Tower
  3030 North Third Street
  Phoenix, Arizona  85012-3099
  (602) 532-5600
  Attorneys for ACE and IICNA


  s/JacobS. Woodard
  Bethany K. Culp
  bculp@hinshawlaw.com
  Jacob S. Woodard
  jwoodard@hinshawlaw.com
  HINSHAW & CULBERTSON, L.L.P.
  333 South Seventh Street, Suite 2000
  Minneapolis, Minnesota  55402
  Telephone:  (612) 333-3434

  Attorneys for Plaintiffs NSC and AIC

## CERTIFICATE OF SERVICE

        I hereby certify that on February 11, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Bethany K. Culp
bculp@hinshawlaw.com, dhaugen@hinshawlaw.com

Shushanie E. Kindseth
skindseth@hinshawlaw.com, llivingston@hinshawlaw.com

Mark S. Mester
mark.mester@lw.com, barb.buti@lw.com, chefiling@lw.com

Livia M. Kiser
livia.kiser@lw.com, chefiling@lw.com

Daniel F. Wake
dwake@siplaw.com

 s/ Debora L. Verdier
Garrick L. Gallagher
Debora L. Verdier
Attorneys for Plaintiffs ACE and IICNA
SANDERS & PARKS, P.C.
1300 SCF Tower
3030 North Third Street
Phoenix, Arizona  85012-3099
(602) 532-5600
(602) 532-5700
Garrick.Gallagher@SandersParks.com
