**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:08-cv-01236-CBS-BNB**

**ACE AMERICAN INSURANCE CORPORATION, a Pennsylvania corporation,
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation,
NATIONAL SURETY CORPORATION, an Illinois corporation,
and THE AMERICAN INSURANCE COMPANY, an Ohio corporation,**

    **Plaintiffs/Counterdefendants,**

**v.**

**AURORA DAIRY CORPORATION d/b/a AURORA ORGANIC DAIRY, a Delaware corporation,**

    **Defendant/Counterplaintiff.**

---

**AURORA ORGANIC DAIRY'S UNOPPOSED MOTION FOR JOINDER
AND LEAVE TO FILE ITS FIRST AMENDED COUNTERCLAIM**

---

Pursuant to Fed. R. Civ. P. 13(h), 15(a)(2) and 20(a), Defendant/Counterplaintiff Aurora Organic Dairy ("Aurora"), by and through its counsel, hereby requests this Court's permission to join a party and to file its proposed First Amended Counterclaim. In support of this motion, Aurora states as follows:

**CERTIFICATION**

Pursuant to D.C.COLO.L.Civ.R. 7.1(A), counsel for Aurora has conferred with counsel for Plaintiffs Ace American Insurance Corporation ("ACE"), Indemnity Insurance Company of North America ("IICNA"), National Surety Corporation ("NSC") and The American Insurance Company ("AIC") (collectively, "Plaintiffs"), who do not oppose any portion of this motion. See D.C.COLO.L.Civ.R. 7.1(A).

### I. INTRODUCTION

1. Aurora is an organic dairy that produces organic milk sold by various retailers under their respective private labels as well as under Aurora's own label, "High Meadow." See Aurora's Answer (Dkt. #13) ¶ 8. Aurora is certified to market and sell its milk as organic by two certifying agents -- the Colorado Department of Agriculture and Quality Assurance International -- acting pursuant to the authority vested in them by the United States Department of Agriculture and the National Organic Program. See id.

2. Aurora and several of its retailer customers have been named in nineteen consumer class actions filed in the courts of nine different states (the "Underlying Actions"). See, e.g., NSC and AIC Answer to Counterclaims (Dkt. #15) ¶ 41. Pursuant to 28 U.S.C. § 1407, those actions were consolidated before the United States District Court for the Eastern District of Missouri by the Judicial Panel on Multidistrict Litigation in the action captioned In re Aurora Dairy Corp., Case No. 4:08-md-01907-ERW, and are currently pending. See NSC and AIC Answer to Counterclaims ¶ 41.

3. Plaintiffs filed their initial complaint in this matter on or about June 9, 2008, seeking a declaration that they have no duty to defend Aurora in one of the Underlying Actions, namely Mothershead, et al. v. Aurora Dairy Corporation d/b/a Aurora Organic Dairy, Case No. 4:07-cv-01701 (E.D. Mo. filed October 7, 2007). See Compl. (Dkt. #1) ¶ 41.

4. Aurora answered Plaintiffs' Complaint on July 28, 2008. See Aurora's Answer (Dkt. #13) at passim. At that time, Aurora asserted a counterclaim against Plaintiffs, alleging, inter alia, that Plaintiffs had breached their respective insurance agreements with Aurora. See Aurora's Counterclaim (Dkt. #13) ¶¶ 51-68. Aurora also sought a declaration that under Plaintiffs' liability policies, Plaintiffs have a duty to defend Aurora. See id. ¶¶ 51-54. Aurora, in

2

turn, sought an award of damages consisting of its defense costs and other sums.  See id. ¶¶ 51-68.

5. On December 1, 2008, the Court entered a Scheduling Order in this case, which set a deadline of January 16, 2009 for the joinder of parties and the amendment of pleadings. See Dec. 1, 2008 Scheduling Order (Dkt. #36) ¶ 8(a).  This deadline was subsequently extended by the Court at the request of the parties.  See, e.g., Jan. 30, 2009 Minute Order (Dkt. #43) (extending the deadline for joinder of parties and amendment of pleadings until February 11, 2009).  Accordingly, Aurora's current motion for joinder and leave to amend its pleading is timely.  See id.; Dec. 1, 2008 Scheduling Order (Dkt. #36) ¶ 8(a).

## II.     AURORA'S PROPOSED FIRST AMENDED COUNTERCLAIM

6. Through its proposed First Amended Counterclaim (attached hereto as Exhibit A), Aurora seeks to join and include as Counterdefendants General Fire & Casualty Company and its successor in interest American Farmers & Ranchers Mutual Insurance Company (collectively, "GFC").  See, e.g., Aurora's First Am. Counterclaim ¶ 6, Ex. A.

7. Aurora's proposed allegations against GFC are similar to Aurora's current allegations against Plaintiffs and, in fact, largely arise out of the same transactions and occurrences that are the subject of Aurora's current Counterclaim, namely the refusal to provide Aurora with a defense in Mothershead.  See, e.g., Aurora's First Am. Counterclaim ¶ 60, Ex. A.

8. Like Plaintiffs, GFC provided Aurora liability coverage.  See Aurora's First Am. Counterclaim ¶ 45, Ex. A.  Aurora's policy with GFC requires GFC to defend Aurora for any legal liability and defense costs for "covered legal liability and defense causes of loss" (defined as, inter alia, "advertising and publication liability," "bodily injury," "product liability" and "property damage.").  See id. ¶¶ 46-47.

3

9. Aurora provided GFC with timely notice of each of the Underlying Actions, along with copies of the complaints, and requested that GFC defend Aurora. See Aurora's First Am. Counterclaim ¶¶ 52, 59, Ex. A. GFC, however, refused to defend Aurora in the Mothershead action. See id. ¶ 60.

10. The proposed First Amended Counterclaim does not amend or alter Aurora's current allegations or claims against Plaintiffs in any manner other than to add GFC as an additional Counterdefendant. See generally Aurora's First Am. Counterclaim, Ex. A. Aurora's proposed First Amended Counterclaim differs from the Counterclaim filed on July 28, 2008 only to the extent that it (1) adds allegations regarding the liability policy issued to Aurora by GFC, (2) adds allegations regarding GFC's refusal to defend Aurora in the Mothershead action and (3) includes GFC as a Counterdefendant in Count I (Declaratory Judgment), Count II (Breach of Contract) and Count III (Bad Faith Breach of an Insurance Contract). See id.

### III.  LEAVE TO AMEND SHOULD BE "FREELY" GRANTED

11. Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." See Fed. R. Civ. P. 15(a)(2); see also, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962) (noting that Rule 15's "mandate is to be heeded"). Both this Court and the Tenth Circuit have observed that "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." See Bayview Loan Servicing v. Boland, No. 08-cv-00566, 2009 WL 160902, at *1 (D. Colo. Jan. 21, 2009), Ex. B; see also Childers v. Indep. Sch. Dist., 676 F.2d 1338, 1343 (10th Cir. 1982). None of these factors, however, apply here. See disc. infra ¶¶ 12-15.

4

12.     Aurora has not engaged in "undue delay" prior to requesting leave to file its proposed First Amended Counterclaim.  See Bayview, 2009 WL 160902, at *1, Ex. B.  Indeed, and as noted above, Aurora's request is timely and made pursuant to the Scheduling Order entered by this Court.  See Dec. 1, 2008 Scheduling Order (Dkt. #36) ¶ 8(a); Jan. 30, 2009 Minute Order (Dkt. #43) (extending the deadline for joinder of parties and amendment of pleadings until February 11, 2009); disc. supra ¶ 5.

13.     In addition, Aurora's proposed amendment does not prejudice Plaintiffs in any manner.  See Childers, 676 F.2d at 1343.  To begin with, this case remains in its initial stages.  See Keymark Enterprises, LLC v. V.P.T., Inc., No. 08-cv-00662, 2008 WL 4371923, at *2 (D. Colo. Sept. 22, 2008) (granting defendant's motion to amend when it was made "at an early stage in the litigation"), Ex. C.  To date, the only discovery that has occurred has been the initial exchange of disclosures pursuant to Fed. R. Civ. P. 26(a).  Moreover, the proposed First Amended Counterclaim does not alter the claims already asserted against Plaintiffs.  See generally Aurora's First Am. Counterclaim, Ex. A; disc. supra ¶ 10.  Finally, Plaintiffs themselves do not claim any prejudice and do not oppose Aurora's request to amend its Counterclaim.  See Bayview, 2009 WL 160902, at *1 (noting that "justice require[d]" that the motion to amend be granted when "no party apparently opposes the Motion"), Ex. B.

14.     Lastly, Aurora's proposed amendment is neither futile nor made in bad faith.  See disc. infra ¶¶ 16-19.  Aurora seeks to add GFC as a party to this litigation because Aurora's claims against GFC arise out of the same transactions and occurrences that are the subject of Aurora's current Counterclaim against Plaintiffs.  See id.  Indeed, courts have noted that such "[j]oinder of claims, parties and remedies is strongly encouraged."  See L&W Innovations, LLC v. Linli Construction, Inc., No. 07-cv-00563, 2009 WL 189942, at *3 (D. Colo. Jan. 27, 2009)

5

(quoting Biglow v. Boeing Co., 201 F.R.D. 519, 520 (D. Kan. 2001)), Ex. D.  As Aurora has proposed claims that are "a proper subject of relief," Aurora should "be afforded an opportunity to test [its] claims on the merits."  See Foman, 371 U.S. at 182.

15.    In sum, none of the factors that might justify denying Aurora's amendment are present in this case, and therefore, good cause exists for permitting Aurora to amend its Counterclaim.  See Fed. R. Civ. P. 15(a); disc. supra ¶¶ 11-14.

### IV.    THE FACTORS CONSIDERED BY COURTS REGARDING PERMISSIVE JOINDER ALSO WEIGH IN FAVOR OF PERMITTING AURORA'S AMENDMENT

16.    Pursuant to Rule 20(a) of the Federal Rules of Civil Procedure, parties may be joined in a single action when:

> (A)  any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B)  any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a); see also Keymark, 2008 WL 4371923, at *3, Ex. C.  As with leave to amend, permissive joinder is within the discretion of the Court.  See L&W Innovations, 2009 WL 189942, at *3, Ex. D.

17.    Aurora believes that both Plaintiffs and GFC are obligated to provide it a defense in Mothershead.  See, e.g., Aurora's First Am. Counterclaim ¶ 58, Ex. A; disc. supra ¶¶ 6-10.  As such, Aurora's right to relief is against both Plaintiffs and GFC "jointly, severally, or in the alternative" and involves the "same transaction, occurrence, or series of transactions or occurrences."  See Fed. R. Civ. P. 20(a); see also L&W Innovations, 2009 WL 189942, at *3 (permitting claims against a third party and noting that the "series of transactions or occurrences" language is very "liberal"), Ex. D.

6

18. Moreover, there are "question[s] of law and fact common to all defendants" that "will arise in the action." See Fed. R. Civ. P. 20(a). For example, the Court will be asked to determine whether the Mothershead action triggers the duty to defend under the respective policies of GFC and Plaintiffs, which involve substantially similar terms. Compare Aurora's First Am. Counterclaim ¶¶46-51, Ex. A, with id. ¶¶ 14-19, and id. ¶¶ 38-43.

19. Accordingly, the standard under Rule 20(a) for joinder has been amply met, and Aurora should be granted leave to file its proposed First Amended Counterclaim.[1]  See disc. supra ¶¶ 16-18.

## V. CONCLUSION

For the reasons set forth above, Aurora respectfully requests that it be granted leave to file its First Amended Counterclaim and join GFC as a party to this litigation. Aurora further requests whatever other relief the Court deems necessary.

Date:  February 11, 2009                        Respectfully submitted,

                                                /s/ Mark S. Mester
                                                Mark S. Mester, One of the Attorneys for
                                                Defendant/Counterplaintiff Aurora Organic Dairy

---

[1]  In determining whether leave to join parties should be granted, courts have also looked to certain "additional" factors such as prejudice to the parties in the litigation, delay, the relationship between the old and new parties, the motive of the moving party, the effect on the court's jurisdiction and the party's notice of the pending action. See Keymark, 2008 WL 4371923, at *2, Ex. C. As discussed in detail above, Aurora has not engaged in any delay and no prejudice to Plaintiffs would occur as a result of this amendment. See disc. supra ¶¶ 11-15. Moreover, there would be little (if any) prejudice to GFC, as this litigation is in its very early stages. See id. ¶ 13. Finally, as noted in Aurora's proposed First Amended Counterclaim, the inclusion of GFC should not have an effect on this Court's jurisdiction. See Aurora's First Am. Counterclaim ¶ 6 (noting that upon information and belief, General Fire & Casualty Co. was an Idaho corporation with its principal place of business in Idaho and that American Farmers & Ranchers Mutual Insurance Co., which acquired General Fire & Casualty Co., is an Oklahoma company with its principal place of business in Oklahoma), Ex. A. Accordingly, none of the additional factors weighs against granting Aurora's request for leave to amend its Counterclaim and join GFC as a party. See Keymark, 2008 WL 4371923, at *2-3, Ex. C.

**SANDER, INGEBRETSEN & WAKE, P.C.**
Daniel F. Wake
1660 17th Street, Suite 450
Denver, Colorado  80202
Telephone: (303) 285-5344
Facsimile: (303) 285-5301
Email: dwake@siwlegal.com

**LATHAM & WATKINS LLP**
Mark S. Mester
Livia M. Kiser
233 South Wacker Drive
Suite 5800 Sears Tower
Chicago, Illinois  60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: mark.mester@lw.com
          livia.kiser@lw.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2009, I electronically filed the foregoing Aurora Organic Dairy's Unopposed Motion For Joinder And Leave To File Its First Amended Counterclaim with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

- **Bethany K. Culp**
  bculp@hinshawlaw.com,dhaugen@hinshawlaw.com

- **Garrick Lloyd Gallagher**
  Garrick.Gallagher@SandersParks.com,Peggy.Bailey@SandersParks.com

- **Shushanie E. Kindseth**
  skindseth@hinshawlaw.com,llivingston@hinshawlaw.com

- **Debora L. Verdier**
  Debora.Verdier@SandersParks.com,Kimberly.Hensinger@SandersParks.com

/s/Livia M. Kiser
**LATHAM & WATKINS LLP**
Mark S. Mester
Livia M. Kiser
233 South Wacker Drive
Suite 5800 Sears Tower
Chicago, Illinois  60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email:  mark.mester@lw.com
             livia.kiser@lw.com