# EXHIBIT C



Slip Copy
Slip Copy, 2008 WL 4371923 (D.Colo.)
**(Cite as: 2008 WL 4371923 (D.Colo.))**

Page 1

Only the Westlaw citation is currently available.
United States District Court, D. Colorado.
KEYMARK ENTERPRISES, LLC, a Delaware limited liability company, Plaintiff and Counter-Defendant,
v.
V.P.T., INC. d/b/a Eagle Metal Products, a Texas corporation, Defendant and Counter-Plaintiff.
**Civil Action No. 08-cv-00662-REB-MEH.**

Sept. 22, 2008.

Phillip S. Lorenzo, Lathrop & Gage, LC, Denver, CO, David J. Skalka, Croker Huck Kasher Dewitt Anderson & Gonderinger, LLC, Omaha, NE, for Plaintiff and Counter-Defendant.
Peter C. Forbes, Horowitz/Forbes, LLP, Denver, CO, Seth Michael Roberts, Stephen D. Wilson, Locke Lord Bissell & Liddell, LLP, Dallas, TX, for Defendant and Counter-Plaintiff.

**ORDER ON MOTION FOR JOINDER AND TO AMEND**

MICHAEL E. HEGARTY, United States Magistrate Judge.

**\*1** Before the Court is Defendant's Motion for Joinder and to Amend Answer and Counterclaim ("Motion") [docket # 61 ]. The matter is fully briefed. Oral argument would not materially assist the Court in adjudicating the motion. For the following reasons, the motion is **granted.**

**I. Background**

In its motion, Defendant seeks to add four counterclaims and an additional counter-defendant to this lawsuit. The current operative pleading, Defendant's Answer, Counterclaim and Jury Demand [docket # 35], alleges twelve counterclaims against the Plaintiff/Counter-Defendant in connection with an agreement between the parties for the use of design/engineering software and the purchase of steel connector plates. Plaintiff contends that Defendant's request for joinder is made in bad faith and that one of its proposed counterclaims is futile.

**II. Analysis**

Pursuant to Rule 13(f) of the Federal Rules of Civil Procedure, "[t]he court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires."Fed.R.Civ.P. 13(f) (2008). In assessing what constitutes "excusable neglect" under Rule 13(f), courts have looked to the good faith of the claimant, the extent of the delay, and the danger of prejudice to the opposing party. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392 n. 10 (1993).

It is well settled that Rule 13(f) is applied along with Rule 15(a) of the Federal Rules of Civil Procedure, so long as the motion for leave to amend is filed on or before the deadline set for joinder and amendment of pleadings. *See Smith Contracting Corp. v. Trojan Constr. Co.,* 192 F.2d 234, 236 (10th Cir.1951); *Essential Housing Mgmt, Inc. v. Walker,* 166 F.3d 332, \*4 (4th Cir. Jun. 9, 1998) (unpublished). The Court must heed Rule 15's mandate that the Court should "freely give leave when justice so requires."Fed.R.Civ.P. 15(a) (2008); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962); *Duncan v. Manager, Dep't of Safety, City and County of Denver,* 397 F.3d 1300, 1315 (10th Cir.2005).

The grant or denial of leave to amend is committed to the discretion of the district court. *See Duncan,* 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue preju-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy
Slip Copy, 2008 WL 4371923 (D.Colo.)
**(Cite as: 2008 WL 4371923 (D.Colo.))**

Page 2

dice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan,* 397 F.3d at 1315;*see also Foman,* 371 U.S. at 182;*see also Frank M. McDermott, Ltd. v. Moretz,* 898 F.2d 418, 420 (4th Cir.1990) (requests for leave to add omitted counterclaims should be liberally permitted, in order to further the policy of efficient disposition of all disputes arising from a single transaction in a single judicial proceeding); *see also Wayzata Bank & Trust Co. v. A & B Farms,* 855 F.2d 590, 594 (8th Cir.1988) (same, with respect to compulsory counterclaims).

**\*2** Defendant's motion implicates not only Rule 13(f), but also Rule 20(a) which permits joinder of defendants in a single action if

> any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a)(2) (2008). When making a decision whether to allow the permissive joinder of a party, a court should consider such factors as the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action. *MDM Group Assocs., Inc. v. Midgett Realty, Inc.,* No. 07-cv-02543-WDM-CBS, 2008 WL 2756926, \*4 (D.Colo. July 14, 2008) (citing *Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371, 1375 (9th Cir.1980)).

In this case, Defendant seeks, at an early stage in the litigation, to add four claims to its Answer and Counterclaim against the Plaintiff: promissory estoppel (pled in the alternative to the breach of contract claim), breach of express warranty, misappropriation of trade secrets, and setoff, recoupment and reconvention. Plaintiff objects to the addition only of the promissory estoppel claim, asserting that it is "futile." [FN1] Plaintiff claims that Defendant has already admitted that a written contract exists between the parties and that such contract contains a "merger clause" providing that the agreement "supercedes all prior oral or written representations and agreements between the parties."Thus, Plaintiff argues that the counterclaim for promissory estoppel is facially invalid. Defendant counters that it is proper under Fed.R.Civ.P. 8 to plead a promissory estoppel counterclaim in the alternative to its breach of contract counterclaim.

> FN1. Plaintiff raises no other objections to the promissory estoppel counterclaim, such as those described in *Duncan,* 397 F.3d at 1315, and *Foman,* 371 U.S. at 182. In addition, Plaintiff does not object to the addition of the other three counterclaims.

The Court agrees with Defendant. Pursuant to Rule 8(d), "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."Fed.R.Civ.P. 8(d)(2) (2008). In addition, the rule provides that parties may state as many separate claims or defenses as it has, regardless of consistency. Fed.R.Civ.P. 8(d)(3) (2008).

Here, Defendant properly pled its promissory estoppel counterclaim "in the alternative" to its breach of contract counterclaim; thus, the counterclaim is not facially invalid simply because it may be inconsistent with the other counterclaims pled by Defendant. Plaintiff has raised no other objections to the proposed amendment; therefore, considering the presumption in favor of granting amendments timely requested, the Court finds that the addition of the promissory estoppel claim, as well as the other proposed counterclaims, is proper.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy
Slip Copy, 2008 WL 4371923 (D.Colo.)
**(Cite as: 2008 WL 4371923 (D.Colo.))**

Page 3

**\*3** As to the request for joinder, the proposed counter-defendant, Keith Dietzen, is the Plaintiff company's president. In the proposed Amended Answer and Counterclaim, he has been simply added as a counter-defendant to the existing counterclaims for which an individual defendant may be found liable, and has been included as a counter-defendant in the additional claims of promissory estoppel and misappropriation of trade secrets; thus, it appears that the claims are made against the counter-defendants jointly and severally or arise out of the same transaction or series of transactions, and that questions of law or fact common to the counter-defendants will arise in the action. There is no dispute that Mr. Dietzen has been on notice of the claims against his company since the inception of this action. Moreover, his joinder in the action would have no impact on this Court's jurisdiction over the matter. Finally and most importantly, Plaintiff has articulated no prejudice that would arise as a result of Mr. Dietzen's joinder at this early stage in the case.

While the Plaintiff contends that Defendant's motive in joining Mr. Dietzen is made "in bad faith, solely to drive the litigation to a more personal level," the Court finds that consideration of the *MDM Group* factors and of the mandate that leave to amend should be freely given weigh in favor of permitting the joinder of Mr. Dietzen as a counter-defendant in this matter.

### III. Conclusion

Accordingly, for the reason stated above, it is hereby **ORDERED** that the Defendant's Motion for Joinder and to Amend Answer and Counterclaim ("Motion") [*filed August 11, 2008; docket # 61*] is **granted.** The Clerk of the Court is directed to file the First Amended Answer, Counterclaim and Jury Demand found at docket # 61-3.

D.Colo.,2008.
Keymark Enterprises, LLC v. V.P.T., Inc.
Slip Copy, 2008 WL 4371923 (D.Colo.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.