

Slip Copy
Slip Copy, 2009 WL 160902 (D.Colo.)
**(Cite as: 2009 WL 160902 (D.Colo.))**

Page 1

Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court, D. Colorado.
BAYVIEW LOAN SERVICING, LLC, a Delaware limited liability company, Plaintiff,
v.
David J. BOLAND, David Corsentino, John Morgan, All in one Enterprises, LLC, a Colorado limited liability company, Matt Morgan, Advanced Investments, LLC, a Colorado limited liability company, Jason Pankoski, and Michael Valdez, Wyco Equities, Inc., a Wyoming corporation, and Floyd Legerski, Defendants.
**Civil Action No. 08-cv-00566-WDM-KLM.**

Jan. 21, 2009.

Jeffrey J. Cowman, Kathrin Helene Weston, Perkins Coie LLP, Denver, CO, for Plaintiff.
Michael J. Knauf, Peter Calder Snowdon, Ogborn, Summerlin & Ogborn, L.L.C., Audrey Kristina Eglajs, David Donder Pavek, Ryan George Clement, David Pavek & Associates, Denver, CO, Scott N. Gelman, Gelman & Norberg, LLC, Greenwood Village, CO, for Defendants.

**ORDER**

KRISTEN L. MIX, Magistrate Judge.
**\*1** This matter is before the Court on **Defendants Wyco Equities, Inc. and Floyd Legerski's Motion for Leave to File Crossclaims and Counterclaims, Including Adding Additional Parties as Defendants** [Docket No. 92; Filed December 31, 2008] (the "Motion"). No party has filed a response to the Motion. The Court has reviewed the Motion, the entire case file and applicable case law and is sufficiently advised in the premises.

Defendants Wyco Equities, Inc. and Floyd Legerski ("the Wyco Defendants") seek permission to assert seven crossclaims and one counterclaim, and to add as Defendants IB Property Holdings, LLC, Danny DeGrande, and DeGrande Properties, LLC. *Motion* [# 92] at 2-10.On November 17, 2008, the Court extended the deadline for the Wyco Defendants to join parties and amend pleadings to December 31, 2008 [Docket No. 84]. The Wyco Defendants argue that their Motion was filed within the deadline to join parties and amend pleadings, and that no other party will be prejudiced as a result of the amendment. *Motion* [# 92] at 8-9.

Fed.R.Civ.P. 15(a) provides for liberal amendment of pleadings. Leave to amend is discretionary with the court. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.,* 157 F.3d 785, 799 (10th Cir.1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company,* 984 F.2d 1571 (10th Cir.1993) (internal citations omitted)."Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993). Considering that leave to amend should be freely granted, that Wyco Defendants have filed within the applicable deadline to amend pleadings and join parties, and that no party apparently opposes the Motion, the Court finds that justice requires that the Motion be granted.

Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED.**Defendants Wyco Equities, Inc. and Floyd Legerski's Crossclaims and Counterclaims [Docket No. 92-2; Filed December 31, 2008] are **accepted** for filing as of the date of this Order.

D.Colo.,2009.
Bayview Loan Servicing, LLC v. Boland
Slip Copy, 2009 WL 160902 (D.Colo.)

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy
Slip Copy, 2009 WL 160902 (D.Colo.)
**(Cite as: 2009 WL 160902 (D.Colo.))**

Page 2

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.