**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:08-cv-01236-CBS-BNB

ACE AMERICAN INSURANCE CORPORATION, a Pennsylvania corporation;
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation;
NATIONAL SURETY CORPORATION, an Illinois corporation; and
THE AMERICAN INSURANCE COMPANY, an Ohio corporation,

                Plaintiffs,

v.

AURORA DAIRY CORPORATION D/B/A AURORA ORGANIC DAIRY, a Delaware corporation,

                Defendant.

---

AURORA DAIRY CORPORATION D/B/A AURORA ORGANIC DAIRY, a Delaware corporation,

                Defendant/Counterplaintiff,

v.

ACE AMERICAN INSURANCE CORPORATION, a Pennsylvania corporation;
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation;
NATIONAL SURETY CORPORATION, an Illinois corporation;
THE AMERICAN INSURANCE COMPANY, an Ohio corporation;
GENERAL FIRE & CASUALTY COMPANY, an Idaho corporation; and
AMERICAN FARMERS & RANCHERS MUTUAL INSURANCE COMPANY, an Oklahoma corporation,

                Plaintiffs/Counterdefendants.

**JOINT MOTION TO EXTEND OR AMEND SCHEDULING ORDER**

Pursuant to Local Rule 6.1 of the United States District Court for the District of Colorado, Plaintiffs/Counterdefendants, ACE American Insurance Corporation ("ACE"), Indemnity Insurance Company of North America ("IICNA"), National Surety Corporation ("NSC") and American Insurance Company ("AIC") and Defendant/Counterplaintiff, Aurora

Dairy Corporation d/b/a Aurora Organic Dairy ("Aurora") (collectively, the "Parties"), by and through their respective counsel, hereby jointly request that the Court amend its December 1, 2008 Courtroom Minutes/Minute Order (Dkt. #35) and its December 1, 2008 Scheduling Order (Dkt. #36) by extending the current deadlines set therein by ninety (90) days. Alternatively, the Parties respectfully request that the Court vacate the current deadlines and permit the Parties, General Fire & Casualty Company (d/b/a American Farmers & Ranchers Insurance Company) and American Farmers & Ranchers Mutual Insurance Company (collectively, "American Farmers") to submit a proposed revised scheduling order within fourteen (14) days of the settlement conference in the event that the settlement conference is not successful. In support of their motion, the Parties state as follows:

## I.   RELEVANT PROCEDURAL BACKGROUND

On December 1, 2008, the Court entered a Scheduling Order establishing the case plan and schedule, including setting deadlines for discovery in this matter. See Dec. 1, 2008 Minute Order (Dkt. #35); Dec. 1, 2008 Scheduling Order (Dkt. #36). The Parties advised the Court that they intended to pursue settlement, and the Court recommended the Parties use Magistrate Judge Boyd N. Boland to conduct the settlement conference. See, e.g., June 30, 2008 Gen. Case Management Order and Order of Ref. to U.S. Magistrate Judge (Dkt. #3). The Parties further advised the Court as to the existence of additional insurers who might be brought into the suit. See, e.g., Unopposed Joint Motion by All Parties to Extend Deadline for Joinder of Parties and Amendment of Pleadings (Second Requested Extension) (Dkt. #42) at 2. The Court indicated at that time that it recognized that an amendment to the schedule might be necessary, but set the

schedule based on the procedural posture of the case that existed at that time. See, e.g., Dec. 1, 2008 Scheduling Order (Dkt. #36).

### A.     Parties Schedule And Then Postpone Settlement Conference To Join Additional Parties

The Parties initially scheduled the settlement conference with Magistrate Judge Boland for February 26, 2009.  See Minute Order (Dkt. #39).  In the interim, the Parties worked to prepare motions regarding the joinder of parties and amendment of pleadings, seeking a modest amount of additional time in which to do so.  See Jan. 13, 2009 Unopposed Joint Motion by All Parties to Extend Deadline for Joinder of Parties and Amendment of Pleadings (Dkt. #40); Jan. 14, 2009 Minute Order (granting the Parties' motion); Unopposed Joint Motion by All Parties to Extend Deadline for Joinder of Parties and Amendment of Pleadings (Second Requested Extension) (Dkt. #42); Jan. 30, 2009 Minute Order (Dkt. #43) (granting the Parties' second motion).[1]

On February 11, 2009, the Parties timely filed various motions to amend their pleadings and join additional parties to this action.  See Plaintiffs'/Counter Defendants' Motion to Join, or to Compel Joinder of, Additional Counterdefendant (Dkt. #44);[2] Plaintiffs' Motion for Leave to File First Amended Complaint (Dkt. #45); Aurora Organic Dairy's Unopposed Motion for Joinder and Leave to File its First Amended Counterclaim (Dkt. #46).  The Parties were unable to join additional necessary insurers prior to the settlement conference, however, and therefore

---

[1]     Other than the foregoing, the Parties have not requested any additional revisions to or extensions of the other deadlines set forth in the December 1, 2008 Scheduling Order.

[2]     Plaintiff/Counter Defendants' Motion to Join, or Compel Joinder of, Additional Counterdefendant, was subsequently withdrawn.  See April 15, 2009 Order (Dkt. #63).

3

requested that the settlement conference be postponed.[3]  See Minute Order (Dkt. #49) (ordering Parties to contact Magistrate Judge Boland to reschedule the settlement conference no later than March 26, 2009).

The Court granted Aurora's unopposed motion for joinder on March 17, 2009, adding American Farmers to this litigation.  See March 17, 2009 Minute Order (Dkt. #51); see also First Amended Counterclaim (Dkt. #52) ¶¶ 6, 45-52.  The First Amended Counterclaim was subsequently filed by Aurora on March 18, 2009.  See First Amended Counterclaim (Dkt. #52). American Farmers has only recently answered the First Amended Counterclaim and appeared in this matter.[4]  See Answer and Third Party Counterclaim of General Fire & Casualty Co. (Dkt. #66).  American Farmers did consent to the use of a magistrate.  See Consent to Jurisdiction of Magistrate Judge (Dkt. #64).  It has not, however, met and conferred with the other Parties or made any initial disclosures.[5]

### B. The Status Of Nationwide Agribusiness Insurance Company

Aurora brought a separate suit against Nationwide Agribusiness Insurance Company ("Nationwide") styled Aurora Dairy Corporation d/b/a Aurora Organic Dairy v. Nationwide

---

[3] In the interim, the Parties also attempted to secure the voluntary participation (prior to formal joinder) of the additional insurers in the February 26, 2009 settlement conference, but those efforts were unsuccessful.

[4] In its answer and third-party counterclaim, American Farmers seeks a declaration that it has no duty to provide a defense to Aurora in twelve other lawsuits in addition to the Mothershead action.  See, e.g., Answer and Third Party Counterclaim of General Fire & Casualty Co. (Dkt. #66) ¶¶ 9, 12.  Given that American Farmers seeks to expand the dispute to encompass all of the lawsuits filed against Aurora (rather than just limiting the dispute to the Mothershead action) Aurora observes that American Farmers has expanded the scope of this litigation, making it more complex than it previously was.  See, e.g., id.

[5] Counsel for Aurora conferred with counsel for American Farmers, Troy Olson, on April 23, 2009 pursuant to Local Rule 7.1(A), at which time Mr. Olson indicated that he does not object to the Parties seeking an amendment to the schedule.

Agribusiness Insurance Company, Case No. 09-CV-00346-PAB-KMT, which is pending before the Honorable Phillip A. Brimmer in the United States District Court for the District of Colorado.  See Notice of Associated Case (Dkt. #67).  Aurora's complaint against Nationwide similarly involves Nationwide's obligations to defend Aurora in the Mothershead action under insurance policies it issued to Aurora.  See First Amend. Compl. at passim, Aurora Dairy Corp. v. Nationwide Agribusiness Ins. Co., Case No. 09-CV-00346 (filed April 3, 2009) ("Nationwide Action").  In addition, ACE, IICNA, NSC and AIC sought leave to amend their complaint to, among other things, add Nationwide as a party to this suit.  See Plaintiffs' Motion for Leave to File First Amended Complaint (Dkt. #45).  That motion is currently pending, and the Court entered a minute order on April 24, 2009 setting a status conference and hearing on Plaintiffs' motion for May 8, 2009 at 3:00 pm.  See Apr. 24, 2009 Minute Order (Dkt. #65).  However, should the Nationwide Action be consolidated with this action, Plaintiffs anticipate withdrawing their Motion for Leave to File First Amended Complaint (Dkt. #45), as the goal of ensuring involvement of all insurers in the declaratory relief action will have been accomplished.

**C.     All Parties Are Set To Participate In Settlement Conference On June 18, 2009**

As noted, the Parties were ordered to contact Magistrate Judge Boland by no later than March 26, 2009 to reschedule the settlement conference.  See Minute Order (Dkt. #49).  The Parties did so and scheduled the settlement conference for June 18, 2009, the earliest date that Magistrate Judge Boland and all parties were available.  See Minute Order (Dkt. #61).  The Parties, American Farmers and Nationwide have all agreed to participate in that conference.  See id.

## II.     GOOD CAUSE EXISTS FOR AMENDING THE SCHEDULING ORDER

Scheduling orders may be amended "upon a showing of good cause and by leave of" the Court.  See Summers v. Missouri Pac. R.R. Sys., 132 F.3d 599, 604 (10th Cir. 1997).  The decision whether to amend a Scheduling Order is within the discretion of the judge.  See id.  The Tenth Circuit has advised, however, that "total inflexibility is undesirable."  See id.; see also Hascall v. Equitant, Ltd., Case No. 04-cv-02109, 2006 U.S. Dist. LEXIS 21014, at *2 (D. Colo. April 11, 2006) ("[R]igid adherence to the scheduling order is not advisable.") (citing Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507 (10th Cir. 1990)).  Moreover, when new parties are added to a lawsuit, it is common for a court to amend the scheduling order to set new deadlines in light of the new parties in the suit.  See, e.g., Connectics Corp. v. Pentech Pharmaceuticals, Inc., Case No. 07 C 6297, 2009 WL 1089552, at *1 (N.D. Ill. April 16, 2009).

### A.     The Scheduling Order Should Be Amended So The Parties Are Not Simultaneously Mediating And Litigating This Dispute

In this case, good cause exists to amend the Scheduling Order.  Under the current Scheduling Order, the parties in this suit (including, ostensibly, American Farmers) must designate affirmative experts on or before May 15, 2009.  See Scheduling Order (Dkt. #36) ¶ 8(d).  This is obviously well prior to the date on which the Parties and Nationwide are scheduled to participate in the settlement conference to mediate (and hopefully resolve) the dispute.  Compare id., with Minute Order (Dkt. #61).  In addition, all interrogatories and document requests are to be served on or before June 26, 2009, just one week after the settlement conference will have taken place, requiring the Parties (including American Farmers) to move forward with discovery and litigation even while preparing to participate in the settlement conference.  See Scheduling Order (Dkt. #36) ¶ 8(g)-(h); Minute Order (Dkt. #61).

6

To avoid simultaneously litigating and trying to resolve this dispute, the Parties and the Court had set the initial schedule so that the settlement conference would take place several months before both the disclosure of experts and the completion of discovery.  Compare Minute Order (Dkt. #38), with Scheduling Order (Dkt. #36) ¶ 8.  Indeed, the settlement conference was and is intended to assist the Parties in settling this case amicably and without incurring extensive, unnecessary litigation costs.  See Scheduling Order (Dkt. #36) ¶ 9; see also disc. supra at 3, 5.  The Parties still hope and expect that the settlement conference will materially aid in achieving these goals and, to that end, have worked diligently to ensure that all interested parties (including American Farmers and Nationwide) are able to participate in the settlement conference.  See disc. supra at 5.  As a result of bringing American Farmers and Nationwide into the process, however, it was necessary to postpone the conference.  See Minute Order (Dkt. #49) (ordering Parties to contact Magistrate Judge Boland to reschedule settlement conference no later than March 26, 2009).  It is now necessary to concomitantly revise the Scheduling Order to avoid the unfortunate necessity of litigating the dispute while simultaneously participating in a settlement conference to resolve the dispute without further litigation.

**B.     The Scheduling Order Should Be Amended To Develop A Schedule That Accommodates The New Parties To The Dispute**

As noted, American Farmers has only recently been added to this lawsuit.  See March 17, 2009 Minute Order (Dkt. #51); see also First Amended Counterclaim (Dkt. #52) ¶¶ 6, 45-52.  American Farmers has just answered the counterclaim on April 27, 2009.  See Answer and Third Party Counterclaim of General Fire & Casualty Co. (Dkt. #66).  The Parties are still discussing whether to consolidate the Nationwide Action with this action.  See disc. supra at 4-5.  It has been recognized that certain developments in a case -- like the addition of a new party here --

may require scheduling adjustments and that the deadlines established in scheduling orders, which are entered early in a litigation, require some flexibility.  See Hascall, 2006 U.S. Dist. LEXIS 21014, at *2 ("[R]igid adherence to the scheduling order is not advisable.") (citing Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507 (10th Cir. 1990)); see also Fed. R. Civ. P. 16, Notes of Advisory Committee on 1983 Amendments.

Accordingly, with at least one new party in the suit and another potentially joining the suit (who would also be required to consent to the use of a magistrate) good cause exists to amend the current schedule.  See U.S. v. Sturdevant, 07-2233, 2008 WL 4198598, at *2, 11 (D. Kan. Sept. 11, 2008) (granting both plaintiff's motion to amend the complaint and add a new defendant and the parties' joint request to reset all deadlines occurring after the plaintiff's motion for joinder was filed); Rojas v. National Accident Ins. Underwriters, Inc., Case Nos. EP-00-CA-225-DB, EP-00-CA-313-DB, 2001 WL 682231, at *2 (W.D. Tex. Mar. 1, 2001) (modifying the scheduling order because plaintiff's amended complaint added a new defendant and because two cases were recently consolidated); see also Connectics, 2009 WL 1089552, at *1 (extending the schedule by nearly four months as a result of the addition of two new defendants).  In fact, it is common for courts to hold subsequent Rule 16 scheduling conferences or to permit the parties to submit revised case plans to account for newly named parties or newly asserted causes of action.  See, e.g., Crawford v. Washington Nat. Ins. Co., Case No. CV-07-1480, 2009 WL 890968, at *1 (D. Ariz. April 2, 2009) (noting that the court set a second Rule 16 conference after joinder of a new party setting new deadlines, including new deadlines for amendment of pleadings).

### III.     CONCLUSION

The Parties jointly and respectfully request that the Court extend the current deadlines set in the Scheduling Order by ninety (90) days.  Alternatively, the Parties respectfully request that the Court vacate the current deadlines and order the Parties (including American Farmers) to submit a revised scheduling order by no later than fourteen (14) days after the settlement conference if the case is not resolved at that conference.

Respectfully submitted this 5th day of May, 2009.

    /s/ Debora L. Verdier
Debora L. Verdier, One of the Attorneys for
Plaintiffs/Counterdefendants ACE and IICNA

SANDERS & PARKS, P.C.
Garrick L. Gallagher
Debora L. Verdier
1300 SCF Tower
3030 North Third Street
Phoenix, Arizona  85012-3099
Telephone:  (602) 532-5600
Facsimile:  (602) 532-5700
Email:  Garrick.Gallagher@SandersParks.com
       Debora.Verdier@SandersParks.com


/s/ Bethany K. Culp
Bethany K. Culp, One of the Attorneys
For Plaintiffs/Counterdefendants NSC and AIC

HINSHAW & CULBERTSON, L.L.P.
Bethany K. Culp
Shushanie E. Kindseth
Jacob Woodard
333 South Seventh Street, Suite 2000
Minneapolis, Minnesota 55402
Telephone:  (612) 334-2596
Email:  bculp@hinshawlaw.com
      skindseth@hinshawlaw.com
      jwoodard@hinshawlaw.com

|  |  |
|---|---|
|  | /s/ Livia M. Kiser |
|  | Livia M. Kiser, One of the Attorneys for Defendant/Counterplaintiff Aurora Dairy Corporation |

SANDER INGEBRETSEN & WAKE, P.C.
Daniel F. Wake
1660 17th Street, Suite 450
Denver, Colorado  80202
Telephone: (303) 285-5344
Facsimile: (303) 285-5301
Email: dwake@siplaw.com

LATHAM & WATKINS LLP
Mark S. Mester
Livia M. Kiser
233 South Wacker Drive
Suite 5800 Sears Tower
Chicago, Illinois  60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email:  mark.mester@lw.com
        livia.kiser@lw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

>Bethany K. Culp
>bculp@hinshawlaw.com, dhaugen@hinshawlaw.com
>
>Shushanie E. Kindseth
>skindseth@hinshawlaw.com, llivingston@hinshawlaw.com
>
>Jacob S. Woodard
>jwoodard@hinshawlaw.com
>
>Mark S. Mester
>mark.mester@lw.com, barb.buti@lw.com, chefiling@lw.com
>
>Livia M. Kiser
>livia.kiser@lw.com, chefiling@lw.com
>
>Daniel F. Wake
>dwake@siplaw.com
>
>Troy Olsen
>tolsen@rothgerber.com

>/s/ Debora L. Verdier
>Garrick L. Gallagher
>Debora L. Verdier
>Attorneys for Plaintiffs ACE and IICNA
>SANDERS & PARKS, P.C.
>1300 SCF Tower
>3030 North Third Street
>Phoenix, Arizona  85012-3099
>Telephone:  (602) 532-5600
>Facsimile:  (602) 532-5700
>Garrick.Gallagher@SandersParks.com
>Debora.Verdier@SandersParks.com