**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:08-CV-01236-CBS-BNB

ACE AMERICAN INSURANCE CORPORATION, a Pennsylvania corporation;
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation;
NATIONAL SURETY CORPORATION, an Illinois corporation; THE AMERICAN INSURANCE COMPANY, an Ohio corporation,

       Plaintiffs/Counterdefendants,

GENERAL FIRE & CASUALTY COMPANY, an Idaho corporation, and
AMERICAN FARMERS & RANCHERS MUTUAL INSURANCE COMPANY, an Oklahoma corporation,

       Counterdefendants/Third Party Counterclaim Plaintiffs,

  v.

AURORA DAIRY CORPORATION, d/b/a AURORA ORGANIC DAIRY, a Delaware corporation,

       Defendant/Counterplaintiff/Third Party Counterclaim Defendant.

_____

Civil Action No. 1:09-CV-00346-PAB-KMT

AURORA DAIRY CORPORATION, d/b/a AURORA ORGANIC DAIRY, a Delaware corporation,

       Plaintiff,

  v.

NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,

       Defendant.

**ACE AND IICNA'S UNOPPOSED MOTION TO CONSOLIDATE**

Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, and Rule 42.1 of the Local Rules of Practice for the United States District Court for the District of

Colorado, Plaintiffs/Counterdefendants, ACE American Insurance Corporation ("ACE") and Indemnity Insurance Company of North America ("IICNA") move the Court for an order consolidating the actions shown above, both of which are pending in the United States District Court for the District of Colorado, for trial and pretrial purposes. Specifically, it is respectfully requested that the Court exercise its jurisdiction in consolidating the matter styled Aurora v. Nationwide Agribusiness Insurance Company, 1:09-CV-00346-PAB-KMT ("Second-Filed Action"), which is currently pending in the United States District Court for the District of Colorado, with Case Number 1:08-CV-01236-CBS-BNB (the First-Filed Action). On May 4, 2009, counsel for Aurora filed a Notice of Associated Case referencing this litigation. (DKT #67.) Similarly, on February 19, 2009, counsel for Aurora in the Second-Filed Action filed a Notice of Case Association referencing this First-Filed Action.

This matter is pending before Magistrate Judge Shaffer upon the consent of all parties. [DKT ##26, 64.] At the May 8, 2009 status conference all parties indicated that they would not oppose consolidation. Counsel for Nationwide has also agreed that Nationwide would not object to consolidation and will consent to the use of a magistrate in the event the matters are consolidated.

Rule 42 of the Federal Rules of Civil Procedure commits to this court the sound discretion whether to consolidate cases involving common questions of law or fact. Shump v. Balka, 574 F.2d 1341, 1344 (10th Cir. 1978). Consolidation is appropriate because there are common questions of law and fact between the instant action and the Nationwide Action. Rule 42(a), Fed.R.Civ.P. Additionally, consolidation of these two

2

actions would serve the interests of judicial economy and convenience of and fairness to the parties. Finally, a settlement conference has been scheduled before Magistrate Judge Boyd N. Boland for Thursday, June 18, 2009. [DKT #61.] Counsel for Nationwide has indicated Nationwide's willingness and availability to participate in that settlement conference. Thus, consolidating these matters will further the parties' common goal of having all of the insurers who provided insurance to Aurora from August 1, 2002 through June 1, 2008 are participating in the settlement conference.

Since the first-filed action was filed, the parties thereto have been actively, collectively, and collaboratively working toward identifying and involving the other insurers who might be impacted by a declaratory ruling. Additionally, the parties have experienced some delays due to scheduling conflicts in setting a settlement conference per this court's order. [See, e.g., DKT ##38, 39, 49, 56, and 61.] The matter has now been set for settlement conference on June 18, 2009. [DKT #61.] All of the parties have indicated their willingness and availability to participate in the June 18, 2009 settlement conference. Nationwide has recently filed its Answer to Aurora's First Amended Complaint in that matter. The Plaintiffs have filed their respective Answers to Aurora's Amended Counterclaims. [See DKT #57, 60.] Counterdefendant General Fire has filed its answer to Aurora's claims, along with a counterclaim against Aurora. (DKT #66.) Aurora's response is not yet due. As a result, the cases to be consolidated are procedurally postured similarly.

/ / / /

/ / / /

3

## **COMMON LEGAL AND FACTUAL ISSUES**

The factual issues involved in the declaratory relief sought by all of the parties are limited.  Under Colorado law, to determine whether a duty to defend exists, the Court need look "no further than the four corners of the underlying complaint (the 'four corners' or 'complaint' rule)."  See Hecla Mining Co. v. New Hampshire Ins. Co., 811 P.2d 1083, 1089 (Colo. 1991).  "The obligation to defend arises from the allegations in the complaint, which if sustained, would impose a liability covered by the policy."  Id. Interpretation of the insurance policy and determination of the duty to defend is a matter of law for the court.  Cyprus Amax Mineral Co. v. Lexington Ins. Co., 74 P.3d 294, 299 (Colo. 2003).  Thus, the common factual issues include the fact that, in each of the actions, the court will analyze the coverage issues in the context of the factual allegations in the Mothershead complaint.

The common (and primary) legal question presented by these actions includes whether, on its face, the Mothershead complaint triggers a duty to defend under the relevant insurance policies.  The relevant language contained in each of the policies is similar and in many instances, virtually identical.  Thus, the Court's analysis of the Insurers' respective defense obligations under such policies will be common.

These common issues of law and fact are central to the resolution of the case. Consolidation of these actions will expedite the resolution of both of these actions and is favorable for the following reasons:

    a.   It will eliminate duplicate pretrial preparation and presentation of evidence at the trial.

4

      b.    It will eliminate the need for two judicial officers to address and rule on substantially the same issues in two different cases.

      c.    Some of the substantive issues in this case are likely to be legal issues decided by the judge; thus, there is little possibility that a jury would have difficulty resolving all of these matters in a single action.

      d.    Consolidation will not unduly delay the trial of either of the actions because they are currently at comparable stages in the pretrial process.

Rule 42 gives the Court the discretion "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."  <u>Breaux v. American Fam. Mut. Ins. Co.</u>, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure §2381 at 427 (2nd ed. 1995)). Plaintiffs/Counterdefendants ACE and IICNA respectfully request this Court exercise its discretion and enter an order consolidating the Nationwide Action (1:09-CV-00346-PAB-KMT) into this first-filed matter (1:08-CV-01236-CBS-BNB).

Respectfully submitted this 14th day of May, 2009.

                                  **SANDERS & PARKS, P.C.**

                              By /s/ Debora L. Verdier
                                  Garrick L. Gallagher
                                  Garrick.Gallagher@SandersParks.com
                                  Debora L. Verdier
                                  Debora.Verdier@SandersParks.com
                                  1300 SCF Tower
                                  3030 North Third Street
                                  Phoenix, Arizona  85012-3099
                                  (602) 532-5600
                                  Attorneys for ACE and IICNA

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Bethany K. Culp
bculp@hinshawlaw.com, dhaugen@hinshawlaw.com

Shushanie E. Kindseth
skindseth@hinshawlaw.com, llivingston@hinshawlaw.com

Jacob S. Woodard
jwoodard@hinshawlaw.com

Mark S. Mester
mark.mester@lw.com, barb.buti@lw.com, chefiling@lw.com

Livia M. Kiser
livia.kiser@lw.com, chefiling@lw.com

Daniel F. Wake
dwake@siplaw.com

Troy Olsen
tolsen@rothgerber.com

Bradley E. Brewer
bbrewer@zelle.com

Shannon M. O'Malley
SOMalley@zelle.com

/s/ Debora L. Verdier
Garrick L. Gallagher
Debora L. Verdier
Attorneys for Plaintiffs ACE and IICNA
SANDERS & PARKS, P.C.
1300 SCF Tower
3030 North Third Street
Phoenix, Arizona  85012-3099
(602) 532-5600
(602) 532-5700
Garrick.Gallagher@SandersParks.com
Debora.Verdier@SandersParks.com

6