# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:08-cv-01236-CBS-BNB,
*consolidated with* Civil Action No. 1:09-cv-00346-CBS-BNB

ACE AMERICAN INSURANCE CORPORATION,
a Pennsylvania corporation;
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,
a Pennsylvania corporation;
NATIONAL SURETY CORPORATION,
an Illinois corporation; and
THE AMERICAN INSURANCE COMPANY,
an Ohio corporation,

       Plaintiffs,

 v.

AURORA DAIRY CORPORATION,
a Delaware corporation,

       Defendant.

AURORA DAIRY CORPORATION,
a Delaware corporation,

       Counterclaim Plaintiff and Third-Party Plaintiff,

 v.

ACE AMERICAN INSURANCE CORPORATION,
a Pennsylvania corporation;
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,
a Pennsylvania corporation;
NATIONAL SURETY CORPORATION,
an Illinois corporation;
THE AMERICAN INSURANCE COMPANY,
an Ohio corporation;

       Counterclaim Defendants,

and

GENERAL FIRE & CASUALTY COMPANY,
an Idaho corporation, and
AMERICAN FARMERS & RANCHERS MUTUAL INSURANCE COMPANY,
an Oklahoma corporation,

       Third-Party Defendants.

GENERAL FIRE & CASUALTY COMPANY,
an Idaho corporation,

      Third-Party Counterclaim Plaintiff,

 v.

AURORA DAIRY CORPORATION,
a Delaware corporation,

      Third-Party Counterclaim Defendant.

**Civil Action No. 1:09-cv-00346-CBS-BNB**

AURORA DAIRY CORPORATION,
d/b/a AURORA ORGANIC DAIRY,
a Delaware corporation,

      Plaintiff,

 v.

NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,

      Defendant.

## STIPULATED PROTECTIVE ORDER

  IT IS HEREBY ORDERED that the following Stipulated Protective Order ("Order") shall govern proceedings in this matter:

  1. This Order governs the handling of all documents, data or other discovery material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Order. This Order shall be applicable to and govern all transcripts, exhibits, answers to interrogatories, copies thereof, other documents and things and all information otherwise obtained from a party in connection with settlement discussions, pursuant to discovery and/or trial in this litigation that any party or third-party (each a "Producing Party") designates as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2

2. Any document or portion thereof that a Producing Party believes to contain confidential information shall be so designated by stamping or otherwise applying thereto the designation "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." A Producing Party may designate as "CONFIDENTIAL" any materials that contain or embody any non-public information of a sensitive commercial, financial, or personal nature. A Producing Party may designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any materials that contain or embody any (a) trade secrets, (b) confidential or competitively sensitive research, development, financial, or commercial information, or (c) highly sensitive personal information (such as personnel files and social security numbers).

3. Documents or portions thereof may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at any time, including after their production. All documents so designated will be treated in accordance with the terms of this Order.

4. Once a Producing Party has designated any material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," any other party may, in good faith, challenge said designation in writing. Following receipt of such a written challenge, the parties shall have ten (10) days to attempt to negotiate a resolution of the challenge. If no agreement results, the party objecting to the designation may file a motion with this Court seeking a determination that the designation is inappropriate. Notwithstanding the existence of any challenge to any designation made hereunder, the parties shall treat all material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as protected under the terms of this Order until such time as the Court issues an order to the contrary.

5. The attorney for any party or third party shall designate portions of a deposition transcript as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by making such designation on the record during the deposition. The portions designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the deposition shall be separated and treated as provided in Paragraphs 6 or 7 of this Order (as appropriate) and shall be fully subject to the relevant provisions of this Order. All portions of any deposition transcript not designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be free from the provisions of this Order.

6. Subject to Paragraph 12 herein, which shall be controlling when information is provided in the context of settlement discussions, all material designated as "CONFIDENTIAL" shall be used only for the purposes of this lawsuit and not for any business or other purposes whatsoever. Such material shall not be given, shown, made available, or communicated in any way to anyone other than:

    a. Attorneys of record in this action (collectively, the "Attorneys"), including the paralegals, stenographic and clerical employees associated with the Attorneys;

    b. The parties in this proceeding, including their in-house attorneys;

    c. Independent experts as may be selected by the receiving party's Attorneys to furnish technical or expert services and/or give testimony in this proceeding;

    d. This or any Court presiding over this matter;

    e. Commercial copying services or litigation support services employed by the parties for the purpose of making copies of documents, deposition testimony, or imaging or coding same, for use in connection with this matter; and

    f. Any other persons whom the Court, after notice to the parties, designates by order as having authority to access the material or whom the parties agree by stipulation shall have access to the material.

7. Subject to Paragraph 12 herein, which shall be controlling when information is provided in the context of settlement discussions, all material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used only for the purposes of this lawsuit and not for any business or other purposes whatsoever. Such material shall not be given, shown, made available, or communicated in any way to anyone other than:

   a. Attorneys, including the paralegals, stenographic and clerical employees associated with the Attorneys;

   b. Independent experts as may be selected by the receiving party's Attorneys to furnish technical or expert services and/or give testimony in this proceeding, for use by those experts only in connection with their testimony in this matter;

   c. This or any Court presiding over this matter and its support staff;

   d. Commercial copying services or litigation support services employed by the parties for the purpose of making copies of documents, deposition testimony, or imaging or coding same, for use in connection with this matter; and

   e. Any other persons whom the Court, after notice to the parties, designates by order as having authority to access the material or whom the parties agree by stipulation shall have access to the material.

8. No copies of any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be made except to the extent necessary for this litigation. If the duplicating process by which copies of Confidential Information are made does not reproduce the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" stamp appearing on the original, all copies shall be stamped with the original "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation. All copies of "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be kept in secure areas of the offices of Attorneys of record or experts who are consulted concerning this matter. No persons other than those listed in Paragraphs 6 and 7 may make or

cause to be made any copies of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

9. Whenever "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is to be disclosed in a deposition, the party proposing to do so shall inform the witness on the record that the use of such information is subject to the terms of this Order prior to making such disclosure.  If any person other than the witness is present at the deposition and does not come within the categories of persons defined in Paragraphs 6 or 7 of this Order, that person shall not be permitted to be present while "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is used during the deposition. Notwithstanding the foregoing, Attorneys shall not be precluded from examining a witness concerning any material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the record reveals that the deponent or witness authored that material or previously received that material in the normal course of business.

10. All documents of any nature (including any of the foregoing documents, as well as any other documents, including briefs, affidavits, motions, etc.) that are filed with the Court for any purpose and that contain "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be filed in sealed envelopes or other sealed containers marked with the title of this proceeding, and identifying each document and thing therein and bearing a statement substantially in the following form:

> This envelope containing the above-identified papers filed by [name of party] is subject to a Protective Order and is not to be opened nor the contents thereof displayed or revealed except by Court Order.

11. All persons and independent experts having access to information, documents and things designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and who come within the categories of persons defined in Paragraphs 6 or 7 of this

Order herein shall be given a copy of this Order prior to being shown such documents and things and/or information, and its provisions shall be explained to them by an Attorney.  Each such person, prior to having access to such said confidential documents and things and/or information, shall agree to not disclose to anyone not exempted by this Order any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and to not make use of any such information other than as set forth herein.  Each such person shall acknowledge his or her agreement in writing by signing a Confidentiality Agreement in the form of Exhibit "A" attached hereto, which shall be retained by the Attorney who caused the Confidentiality Agreement to be signed.

12. All information provided in connection with settlement discussions shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information whether or not so designated.  Any attorney for a third party to whom documents or information are provided in connection with settlement discussions, prior to having access to such documents and things and/or information, shall agree (1) not to disclose to anyone not directly participating in the settlement discussions any information or documents obtained in connection therewith and (2) not to make use of any information other than for purposes of the settlement discussions.  Each such person shall acknowledge his or her agreement in writing by signing a Confidentiality Agreement in the form of Exhibit "A" attached hereto.  No copies of any information provided to any person in connection with settlement discussions shall be made, and the original documents provided shall be returned to the Producing Party at the conclusion of the settlement discussions.  Under no circumstances will a receiving party use any such information for any business or other purpose whatsoever.  Information and documents provided to attorneys for third parties pursuant to this Order in connection with settlement discussions shall not be disclosed to any other person

who has not executed a copy of Exhibit "A" without the prior, written consent of the Producing Party.  In the event of any discrepancy between any other provision in this Order and this Paragraph 12, the terms of this Paragraph 12 shall control.

      13.     Any party may seek appropriate relief from the Court for the violation of the terms of this Order.

      14.     Nothing in this Order shall prevent any party from contending during the progress of this proceeding that any or all information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is not properly subject to protection hereunder.  Any party may ask the party asserting confidentiality for:

      a.     a change in the designation of any document, transcript, and/or other information; and/or

      b.     permission to disclose such documents and/or information to specified persons in addition to those specified herein.

Such request shall be by written notice served on Attorneys for the Producing Party who designated the subject matter as confidential.

      15.     This Order shall not be deemed a waiver of:

      a.     any party's right to object to any discovery request on any ground;

      b.     any party's right to seek an order compelling discovery with respect to any discovery request;

      c.     any party's right at any proceeding herein to object to the admission of any evidence on any ground; or

      d.     any party's right to claim that any information disclosed in the course of this litigation is proprietary and/or otherwise barred from disclosure or use for any purpose.

      16.     If a Producing Party produces information in discovery that is subject to a claim of privilege or protection pursuant to any applicable law or rule, the Producing Party may notify any party that received the information of the claim and the basis for it.  After being notified, a

receiving party must promptly return, sequester or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The Producing Party must preserve the information until the claim is resolved.  The parties agree not to argue that the disclosure of the material itself constitutes a waiver of any applicable privilege or other protection.

17. All summaries and exhibits prepared by the Attorneys and/or other persons acting under their control that incorporate or reflect information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" hereunder shall be stamped by said Attorney as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate.

18. In the event any material entitled to protection under this Order is inadvertently produced without the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend, that material shall not lose its "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" status, so long as the Producing Party notifies all receiving parties of the inadvertent disclosure upon discovery thereof and takes all reasonable steps necessary to correct the erroneous disclosure.

19. If "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the material and to prevent disclosure by each unauthorized person who receives such information.

20. Within thirty (30) days after the final conclusion of this litigation, including all appeals, any originals or reproductions of any documents produced and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material shall be returned to the Producing Party except to the extent that there may have been entered thereon any information that constitutes the work product of the requesting party's Attorneys, in which event such document shall be destroyed by the requesting party or its Attorneys.  Nothing contained in this Order shall prevent Attorneys from retaining a complete set of pleadings after the final conclusion of this litigation, except to the extent that information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is contained therein, in which case Attorneys shall certify to all parties and the Court that such confidential information has been deleted from such pleadings.  Insofar as the provisions of this Order restrict the communication and use of the documents and information produced thereunder, the Order shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are used as exhibits at the trial of this action and (b) a party may seek the written permission of the other party or further order of this Court, after notice to the other party, with respect to dissolution or modification of any provision of such order.

Any party for good cause may apply to the Court for a modification of this Order.

IT IS SO ORDERED.

Dated:  August ___, 2009

_____
United States Magistrate Judge Craig B. Shaffer

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:08-cv-01236-EWN-BNB**

**ACE AMERICAN INSURANCE CORPORATION, a Pennsylvania corporation,
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation,
NATIONAL SURETY CORPORATION, an Illinois corporation, and
THE AMERICAN INSURANCE COMPANY, an Ohio corporation,**

    **Plaintiffs,**

**v.**

**AURORA DAIRY CORPORATION d/b/a AURORA ORGANIC DAIRY, a Delaware corporation,**

    **Defendant.**

---

## AGREEMENT CONCERNING STIPULATED PROTECTIVE ORDER

---

The undersigned hereby acknowledges that he or she: (1) has read the Stipulated Protective Order, a copy of which is attached to this Agreement, (2) understands the terms thereof, (3) agrees to be bound by such terms, (4) hereby submits to the jurisdiction of the United States District Court, District of Colorado for all purposes relating to said Order, and (5) understands that a violation of the terms of the Order may be grounds for a possible penalty of contempt of court.

_____
Signature

_____
Name (print or type)

_____
Date