## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:08-cv-01236-CBS-BNB,**
*consolidated with* **Civil Action No. 1:09-cv-00346-CBS-BNB**

---

ACE AMERICAN INSURANCE CORPORATION,
a Pennsylvania corporation;
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,
a Pennsylvania corporation;
NATIONAL SURETY CORPORATION,
an Illinois corporation; and
THE AMERICAN INSURANCE COMPANY,
an Ohio corporation,

                    Plaintiffs,

      v.

AURORA DAIRY CORPORATION,
a Delaware corporation,

                    Defendant.

---

AURORA DAIRY CORPORATION,
a Delaware corporation,

                    Counterclaim Plaintiff and Third-Party Plaintiff,

      v.

ACE AMERICAN INSURANCE CORPORATION,
a Pennsylvania corporation;
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,
a Pennsylvania corporation;
NATIONAL SURETY CORPORATION,
an Illinois corporation; and
THE AMERICAN INSURANCE COMPANY,
an Ohio corporation,

                    Counterclaim Defendants,

and

GENERAL FIRE & CASUALTY COMPANY,
an Idaho corporation, and
AMERICAN FARMERS & RANCHERS MUTUAL INSURANCE COMPANY,
an Oklahoma corporation,

                    Third-Party Defendants.

---

GENERAL FIRE & CASUALTY COMPANY,
an Idaho corporation,

                        Third-Party Counterclaim Plaintiff,

        v.

AURORA DAIRY CORPORATION,
a Delaware corporation,

                        Third-Party Counterclaim Defendant.

**Civil Action No. 1:09-cv-00346-CBS-BNB**

AURORA DAIRY CORPORATION,
d/b/a AURORA ORGANIC DAIRY,
a Delaware corporation,

                        Plaintiff,

        v.

NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,

                        Defendant.

## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 21
## AMERICAN FARMERS & RANCHERS MUTUAL INSURANCE COMPANY

The following Defendants, General Fire & Casualty Company (GFC) and American Farmers & Ranchers Mutual Insurance Company (AFRMIC), are represented by Rothgerber Johnson & Lyons LLP.  Pursuant to Fed. R. Civ. P. 21, they respectfully submit this motion to dismiss AFRMIC from the action.

### CERTIFICATION

I, Troy Olsen, counsel for GFC and AFRMIC, certify that the parties conferred extensively about a stipulation to dismiss AFRMIC as a party, but were unable to reach an agreement.

### INTRODUCTION

1.      On March 17, 2009, Aurora Dairy Corporation d/b/a Aurora Organic Dairy Corporation ("Aurora Dairy"), filed its First Amended Counterclaim naming GFC and AFRMIC and named defendants.  <u>See</u> First Amended Counterclaim (Dkt. #52).

2.      On or about April 27, 2009, GFC answered Aurora Dairy's First Amended Counterclaim.  See Answer and Third Party Counterclaim of General Fire & Casualty Co. (Dkt. #66).  In that Answer and Third Party Counterclaim, GFC admitted that GFC was an Idaho corporation, that AFRMIC purchased GFC from GF&C Holding Company in November, 2007, that GFC became a wholly owned subsidiary of AFRMIC, and that GFC's name was changed to AFRIC in February, 2008.  Id. at para. 6.

3.      Since the filing of GFC's Answer and Third Party Counterclaim, GFC and AFRMIC has conferred and worked with counsel for Aurora Dairy in seeking a stipulation to dismiss AFRMIC, the parent company of GFC, now known as ARFIC.  Aurora Dairy has refused to dismiss AFRMIC.

## ARGUMENT AND AUTHORITY

AFRMIC is not a proper party to the case, for the following reasons.  In November 2007, AFRMIC purchased GFC from GF&C Holding Company.  GFC became a wholly owned subsidiary of AFRMIC.  In February 2008, GFC changed its name to AFRIC.  AFRIC is now a wholly owned subsidiary of AFRMIC, and continues to be domiciled in the state of Idaho.  (See Ex. A, Idaho Certificate of Authority No. 2609 reflecting name change; Ex. B, Corporate Secretary's Certificate; Ex. C, Third Amended and Restated Articles of Incorporation; and Ex. D, Certificate of Assumed Business Name).

AFRIC stands ready to continue to fulfill obligations assumed when it was operating as GFC.  AFRMIC, on the other hand, has no contract with Aurora, does not insure Aurora, and has no obligations to or relationship with Aurora.  Because it has no possible duty to defend or indemnify, it is misjoined in the present case.

Fed. R. Civ. P. 21 provides as pertinent:

Misjoinder of parties is not ground for dismissal of an action.  Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.

Because the trial court may dismiss "on such terms as are just," it exercises considerable discretion.  *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998).  When parties are improperly joined, the proper remedy is to drop parties from the action, or to sever the case.  *In re M&L Bus. Mach. Co., Inc. v. Smith*, 132 B.R. 433, 435 (D. Colo. 1991); *see Petroleum Data Servs., Inc. v. First City Bancorp. of Texas, Inc.*, 622 F. Supp. 1022, 1026 (D. Kan. 1985) (when plaintiff named the parent holding company as a primary defendant, rather than the bank actually entering the contracts at issue, it was proper for the trial court to order deletion of the parent holding company as a party under Fed. R. Civ. P. 21).  Misjoinder may also be found when no claim for relief is stated against a plaintiff.  7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1683 (4d ed. 2001).

In the present case, AFRMIC is the parent holding company, and the contracts are solely with AFRIC f/k/a GFC.  No legal basis has been alleged or asserted as to why AFRMIC should be responsible for obligations contracted by its subsidiary.  Aurora Dairy's First Amended Counterclaim does not properly state a claim against AFRMIC.

## CONCLUSION

AFRMIC and GFC request that the trial court find misjoinder and drop AFRIC from the case pursuant to Fed. R. Civ. P. 21.

DATED:   October 7, 2009

Respectfully submitted,


*s/ Troy R. Olsen*

Troy R. Olsen
Rothgerber Johnson & Lyons LLP
90 S. Cascade, Suite 1100
Colorado Springs, Colorado  80903
Tel: (719) 386-3000
Fax: (719) 386-3070
E-Mail:  tolsen@rothgerber.com
tsidebotham@rothgerber.com

*Attorneys for General Fire & Casualty Company,*
*American Farmers & Ranchers Mutual Insurance*
*Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Garrick L. Gallagher
garrick.gallagher@sandersparks.com
Debora L. Verdier
debora.verdier@sandersparks.com
*Attorneys for Ace American Insurance Corp.*
*and Indemnity Insurance Company of North*
*America*

Bethany K. Culp
bculp@hinshawlaw.com
Shushanie E. Kindseth
skindseth@hinshawlaw.com
Jacob S. Woodard
jwoodard@hinshawlaw.com
*Attorneys for National Surety Corporation and*
*The American Insurance Company*

Livia M. Kiser
livia.kiser@lw.com
Mark S. Mester
mark.mester@lw.com
Daniel F. Wake
dwake@siwlegal.com
*Attorneys for Aurora Organic Dairy*


*s/Luanne Sutton*                        .
Luanne Sutton