**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:08-cv-01236-CBS-BNB,
*consolidated with* Civil Action No. 1:09-cv-00346-CBS-BNB

ACE AMERICAN INSURANCE CORPORATION,
a Pennsylvania corporation,
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,
a Pennsylvania corporation,
NATIONAL SURETY CORPORATION,
an Illinois corporation, and
THE AMERICAN INSURANCE COMPANY,
an Ohio corporation,

                Plaintiffs,

    v.

AURORA DAIRY CORPORATION,
a Delaware corporation,

                Defendant.

AURORA DAIRY CORPORATION,
a Delaware corporation,

                Counterclaim Plaintiff and Third-Party Plaintiff,

    v.

ACE AMERICAN INSURANCE CORPORATION,
a Pennsylvania corporation,
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,
a Pennsylvania corporation,
NATIONAL SURETY CORPORATION,
an Illinois corporation, and
THE AMERICAN INSURANCE COMPANY,
an Ohio corporation,

                Counterclaim Defendants,

and

GENERAL FIRE & CASUALTY COMPANY,
an Idaho corporation, and
AMERICAN FARMERS & RANCHERS MUTUAL INSURANCE COMPANY,
an Oklahoma corporation

                Third-Party Defendants.

2

GENERAL FIRE & CASUALTY COMPANY,
an Idaho corporation,

      Third-Party Counterclaim Plaintiff,

 v.

AURORA DAIRY CORPORATION,
a Delaware corporation,

      Third-Party Counterclaim Defendant.

**Civil Action No. 1:09-cv-00346-CBS-BNB**

AURORA DAIRY CORPORATION,
d/b/a AURORA ORGANIC DAIRY,
a Delaware corporation,

      Plaintiff,

 v.

NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,

      Defendant.

**NATIONAL SURETY CORPORATION'S AND THE AMERICAN INSURANCE COMPANY'S STATUS REPORT**
_____

  In response to the Court's October 13, 2009 request, the Plaintiffs National Surety Corporation ("NSC") and The American Insurance Company ("AIC") respectfully request that this court establish a briefing schedule for a dispositive motion on the duty to defend. It is the position of NSC and AIC that under Colorado law no discovery will be required to resolve the issue of whether or not the liability insurers are obligated to provide Aurora Dairy with a defense. As set out below, in light of the refusal of Nationwide and General Fire & Casualty to join in the Interim Funding Agreement, if the issue of the duty to defend is not resolved, NSC will be severely prejudiced. NSC is currently paying the majority of legal expense pursuant to the Interim Funding Agreement.

121247540v1  882500  57

If it is determined that the allegations in the underlying litigation do not trigger a duty to defend, NSC will be entitled to recover from Aurora the $500,000 it has contributed pursuant to the Interim Funding Agreement and relieved of any obligation to pay the hundreds of thousands of additional dollars Aurora has indicated it will incur in opposing the appeal.  If it is determined that the allegations in the underlying action do trigger a duty to defend, Nationwide and General Fire & Casualty will be obligated to contribute to the defense, reimburse NSC for amounts it has paid, and significantly reduce NSC's economic burden on a "going forward" basis.

Following our most recent conference, the Court gave the parties three options: (1) administratively close the case subject to be reopened upon a showing of good cause; (2) stay all proceedings, including discovery and motion practice; (3) continue the stay of discovery and allow parties to file dispositive motions.  It may well be in the interests of Aurora and the other insurers to maintain the status quo pending the outcome of the appeal.  However, NSC has an immediate interest in resolving the issue of whether or not the defense obligation was triggered so that it can either obtain reimbursement from Aurora or contribution from the other insurers.

NSC agreed to defer filing a dispositive motion on the duty to defend pending efforts to obtain a global resolution.  Those efforts have not succeeded.

The duty to defend can and must be determined by comparing the insurance policies with the underlying complaint.  Under Colorado law, the Court need look "no further than the four corners of the underlying complaint (the 'four corners' or 'complaint' rule)."  <u>Hecla Mining Co. v. New Hampshire Ins. Co.</u>, 811 P.2d 1083, 1089 (Colo. 1991).  No discovery is necessary to make this threshold determination.  If there is no duty to defend, Aurora's "bad faith" claims will fail. <u>Jarnagin v. Banker's Life and Casualty Co.</u>, 824 P.2d 11, 15 (Colo. Ct. App. 1991); <u>Apartment Investment and Management Co. v. Nutmeg Ins. Co.</u>, 2008 WL 901547, *20 (D.Colo. March 31,

2008). If this Court finds that there is a duty to defend, this coverage litigation is likely to be resolved because the economic burden of the past and future defense costs will be shared fairly by all of Aurora's insurers.

Dated: October 27, 2009                         s/Jacob S. Woodard_____
                                                Bethany K. Culp
                                                Jacob S. Woodard
                                                **Attorneys for Plaintiffs National Surety Corp. and The American Insurance Company**
                                                Hinshaw & Culbertson LLP
                                                333 South Seventh Street, Suite 2000
                                                Minneapolis, Minnesota 55402
                                                Telephone: 612.333.3434
                                                Fax: 612.334.8888
                                                bculp@hinshawlaw.com
                                                jwoodard@hinshawlaw.com

4

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 27th day of October, 2009, I electronically filed the foregoing Plaintiffs National Surety Corporation's and The American Insurance Company's Status Report with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Brad E. Brewer | bbrewer@zelle.com |
| S. Kato Crews | kcrews@rothgerber.com |
| Garrick Lloyd Gallagher | Garrick.Gallagher@SandersParks.com; |
| Brett Norman Huff | bhuff@huffandleslie.com |
| Livia M. Kiser | livia.kiser@lw.com |
| Mark S. Mester | mark.mester@lw.com |
| Troy R. Olsen | tolsen@rothgerber.com |
| Debora L. Verdier | Debora.Verdier@SandersParks.com |
| Daniel F. Wake | dwake@siplaw.com |

                 s/Jacob S. Woodard_____
                 Bethany K. Culp
                 Jacob S. Woodard
                 **Attorney for Plaintiffs National Surety Corp. and The American Insurance Company**
                 Hinshaw & Culbertson LLP
                 333 South Seventh Street, Suite 2000
                 Minneapolis, Minnesota  55402
                 Telephone:  612.333.3434
                 Fax:  612.334.8888
                 bculp@hinshawlaw.com
                 jwoodard@hinshawlaw.com