# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No.: 1:08-cv-01236-CBS-BNB,**
*Consolidated with* **Civil Action No. 09-cv-00346-CBS-BNB**

ACE AMERICAN INSURANCE CORPORATION,
a Pennsylvania corporation;
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,
a Pennsylvania corporation;
NATIONAL SURETY CORPORATION,
an Illinois corporation;  and
THE AMERICAN INSURANCE COMPANY,
an Ohio corporation,
     Plaintiffs,
 v.
AURORA ORGANIC DAIRY CORPORATION,
a Delaware corporation,
     Defendant.
_____
AURORA ORGANIC DAIRY CORPORATION,
a Delaware corporation,
     Counterclaim Plaintiff and Third Party Plaintiff,
 v.
ACE AMERICAN INSURANCE CORPORATION,
a Pennsylvania corporation;
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,
a Pennsylvania corporation;
NATIONAL SURETY CORPORATION,
an Illinois corporation;
THE AMERICAN INSURANCE COMPANY,
an Ohio corporation,
     Counterclaim Defendants,
and

GENERAL FIRE & CASUALTY COMPANY,
an Idaho corporation, and
AMERICAN FARMERS & RANCHERS MUTUAL INSURANCE COMPANY,
an Oklahoma corporation,
     Third-Party Defendants.

GENERAL FIRE & CASUALTY COMPANY,
an Idaho corporation,
    Third Party Counterclaim Plaintiff,
 v.
AURORA ORGANIC DAIRY CORPORATION,
a Delaware corporation,
    Third Party Counterclaim Defendant.

**Civil Action No. 1:09-cv-00346-CBS-BNB**

AURORA DAIRY CORPORATION, d/b/a AURORA
ORGANIC DAIRY, a Delaware corporation,
    Plaintiff,
 v.
NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,
    Defendant.

**STATUS REPORT OF ACE AMERICAN INSURANCE CORPORATION AND INDEMNITY INSURANCE COMPANY OF NORTH AMERICA**

By its Minute Entry dated October 13, 2009, this Court requested that the parties provide a status report indicating their position as to which of the three options would be most preferable for the near term management of this case. ACE American Insurance Corporation ("ACE") and Indemnity Insurance Company of North America ("IICNA") believe Option 1, namely administrative closure of the case subject to the case being reopened upon a showing of good cause, may be the most efficient manner to handle the instant case.

Regardless of the decision issued by the United States Court of Appeals for the Eighth Circuit, there will be issues to resolve in this case which will likely involve motion practice. In the event that the Eighth Circuit affirms Judge Webber's decision dismissing the underlying actions with prejudice, there will still be issues left to resolve in the present action. Absent a settlement, these issues include whether there is any duty to defend, contributions from the non-participating carriers (Nationwide and General Fire & Casualty) to the defense costs reimbursed to Aurora by ACE, IICNA and NSC and Aurora's bad faith claims, at least against the non-participating carriers. Similarly, should the Eighth Circuit reverse the District Court's decision, this action would need to move forward on all issues, including a motion for summary judgment that the carriers have no duty to defend. In the event of an administrative closure, good cause to re-open the case after a decision is issued by the Eighth Circuit would need to include any unresolved issues in this case.

ACE, IICNA and NSC are the only carriers participating in reimbursement of defense costs to Aurora under the Interim Funding Agreement. ACE and IICNA agree with NSC that the duty to defend can and must be determined by comparing insurance policies with the underlying complaint and that no discovery is necessary to make this threshold determination. Should the Court determine there is no duty to defend, Aurora's bad faith claims fail as a matter of law. In the event the Court finds there is a duty to defend, the coverage litigation is essentially resolved except for the determination of the

allocation of the defense costs among all of Aurora's insurers.  These issues will need to be resolved under any of the three options raised by the Court in order to bring this matter to a final resolution.

Respectfully submitted this 27th day of October, 2009.

**SANDERS & PARKS, P.C.**


By  *s/ Garrick L. Gallagher*
Garrick L. Gallagher
Garrick.Gallagher@SandersParks.com
Debora L. Verdier
Debora.Verdier@SandersParks.com
1300 SCF Tower
3030 North Third Street
Phoenix, Arizona  85012-3099
(602) 532-5600
Attorneys for ACE and IICNA

4

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| Bethany K. Culp<br>bculp@hinshawlaw.com | Shushanie E. Kindseth<br>skindseth@hinshawlaw.com |
|---|---|
| Jacob S. Woodard<br>jwoodard@hinshawlaw.com | Mark S. Mester<br>mark.mester@lw.com |
| Livia M. Kiser<br>livia.kiser@lw.com | Daniel F. Wake<br>dwake@siwlegal.com |
| Troy Olsen<br>tolsen@rothgerber.com | S. Kato Crews<br>kcrews@rothgerber.com |
| Brad E. Brewer<br>bbrewer@zelle.com | Brett N. Huff<br>bhuff@huffandleslie.com |

*s/ Garrick L. Gallagher*
Garrick L. Gallagher
Debora L. Verdier
Attorneys for Plaintiffs ACE and IICNA
SANDERS & PARKS, P.C.
1300 SCF Tower
3030 North Third Street
Phoenix, Arizona 85012-3099
(602) 532-5600
(602) 532-5700
Garrick.Gallagher@SandersParks.com
Debora.Verdier@SandersParks.com