**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:08-cv-01236-CBS-BNB,**
*consolidated with* **Civil Action No. 1:09-cv-00346-CBS-BNB**

| |
|---|
| ACE AMERICAN INSURANCE CORPORATION, a Pennsylvania corporation, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation, NATIONAL SURETY CORPORATION, an Illinois corporation, and THE AMERICAN INSURANCE COMPANY, an Ohio corporation,<br>      Plaintiffs,<br> v.<br>AURORA DAIRY CORPORATION, a Delaware corporation,<br>      Defendant. |
| AURORA DAIRY CORPORATION, a Delaware corporation,<br>      Counterclaim Plaintiff and Third-Party Plaintiff,<br> v.<br>ACE AMERICAN INSURANCE CORPORATION, a Pennsylvania corporation, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation, NATIONAL SURETY CORPORATION, an Illinois corporation, and THE AMERICAN INSURANCE COMPANY, an Ohio corporation,<br>      Counterclaim Defendants,<br>and<br>GENERAL FIRE & CASUALTY COMPANY, an Idaho corporation, and AMERICAN FARMERS & RANCHERS MUTUAL INSURANCE COMPANY, an Oklahoma corporation<br>      Third-Party Defendants. |

| | |
|---|---|
| GENERAL FIRE & CASUALTY COMPANY,<br>an Idaho corporation, | |
| | Third-Party Counterclaim Plaintiff, |
| v. | |
| AURORA DAIRY CORPORATION,<br>a Delaware corporation, | |
| | Third-Party Counterclaim Defendant. |

**Civil Action No. 1:09-cv-00346-CBS-BNB**

| | |
|---|---|
| AURORA DAIRY CORPORATION,<br>d/b/a AURORA ORGANIC DAIRY,<br>a Delaware corporation, | |
| | Plaintiff, |
| v. | |
| NATIONWIDE AGRIBUSINESS<br>INSURANCE COMPANY, | |
| | Defendant. |

**PLAINTIFFS/COUNTER-DEFENDANTS NATIONAL SURETY CORPORATION'S AND THE AMERICAN INSURANCE COMPANY'S MOTION TO REOPEN**

**ORAL ARGUMENT REQUESTED**

## MOTION

On November 17, 2009 this declaratory judgment action was administratively closed pending the results of an appeal to the Eight Circuit of a dismissal of the underlying action on which this insurance coverage dispute is based, <u>Mothershead v. Aurora Dairy Corp. d/b/a/ Organic Dairy</u>, Case No. 4:07-cv-01701 in the U.S. District Court for the Eastern District of Missouri.  (ECF Doc. # 103).  On September 15, 2010, the Eighth Circuit issued an Order affirming in part and reversing in part the district court's dismissal and remanding the case to the

121269463v7  00057

2

district court.  As a result of the Eighth Circuit's Order, the insured is again incurring defense costs, which, to-date, have exceeded $1.5 million.

In its order administratively closing the case, this Court stated that "[i]f the Eighth Circuit reverses Judge Webber's decision in Mothershead, such a decision may constitute good cause to reopen this action."  Id. at 3.  Aurora Dairy Corporation (Aurora), the insured, represented that it "would agree…that should the Eighth Circuit reverse the District Court's decision, such a decision would constitute good cause to reopen the present case."  (ECF Doc. # 96, Aurora Status Report at 3).

Good cause exists for reopening this case because the Eighth Circuit's partial reversal of the district court's dismissal revives the controversy at issue in this declaratory judgment action. Good cause also exists because further delay in resolving this coverage dispute would severely prejudice National Surety Corporation (NSC).  NSC is currently responsible for the majority of Aurora's defense costs in the Mothershead action pursuant to an agreement between Aurora, NSC, American Insurance Company (AIC), ACE American Insurance Company (ACE) and Indemnity Insurance Company of North America (IICNA).  Two other insurers, Nationwide Agribusiness Insurance Company (Nationwide) and General Fire Insurance Company (General Fire) are not participating in Aurora's defense.

NSC has a real and immediate interest in reopening this coverage litigation because, regardless of the outcome, continued delay only serves to prejudice NSC.  In the event it is determined that no coverage exists, NSC will be entitled to recover defense costs paid to-date from Aurora.  In the event it is determined that a defense is owed, the non-participating insurers

121269463v7  00057

will be required to pay their fair share of defense costs going forward and NSC will be entitled to reimbursement of a portion of the defense costs it has paid to-date from those insurers.

For these reasons, as well as those set forth below in further support of this Motion, NSC and AIC respectfully move this Court, pursuant to D.C.COLO.LCivR 41.2, for an Order reopening this action and setting a briefing schedule for dispositive motions on the issue of the duty to defend.

### **CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCIVR 7.1(A)**

Counsel for NSC and AIC contacted counsel for the other parties in this lawsuit via email on December 2, 2010 and again on January 14, 2011 asking the parties to agree that good cause exists to reopen this action and offering to participate in conference calls with any party wishing to discuss the issue further.

Counsel for NSC and AIC subsequently conferred via telephone with counsel for Aurora on January 18, 2011, but the parties were unable to reach an agreement as to whether this action should be reopened at this time.

Counsel for NSC and AIC conferred via telephone with counsel for ACE and IICNA on January 24, 2011.  During that conversation, counsel for ACE and IICNA agreed not to oppose this motion.

Counsel for NSC and AIC also conferred via telephone with counsel for Nationwide on January 26, 2011, but the parties were unable to reach an agreement as to whether this action should be reopened at this time.

Counsel for General Fire did not respond to either the December 2, 2010 or January 14, 2011 emails.

121269463v7  00057

# MEMORANDUM OF LAW

## I. FACTUAL BACKGROUND:

### A. Aurora Has Been Named As A Defendant In Several Class Actions Seeking Economic Damages Relating To The Allegedly Improper Certification Of Aurora's Milk As "Organic".

Aurora is in the business of processing milk that has been certified as "organic." (ECF Doc. # 1, Complaint at ¶ 8); (ECF Doc. # 52, Aurora's Answer and First Amended Counterclaim at Counterclaim, ¶ 53.) Through its dairy processing business, Aurora supplies milk that has been certified as organic to retailers who then sell the milk under their own store brand or label. Id. Aurora also sells milk under its own label. (ECF Doc. # 52 at Counterclaim, ¶ 53).

Aurora has been named as a defendant in numerous consumer class actions in which the plaintiffs seek certification of state and nationwide classes of individuals claiming to have sustained an economic loss because they overpaid for the milk processed by Aurora based on the allegedly false certification that it was "organic" ("underlying litigation"). (ECF Doc. # 1 at ¶ 9); (ECF Doc. # 52 at Counterclaim, ¶ 54). The underlying litigation was consolidated before the U.S. District Court for the Eastern District of Missouri. (ECF Doc. # 52 at Counterclaim, ¶ 54). However, only the Mothershead action is implicated in this insurance coverage matter.

### B. The Underlying Claims Against Aurora Were Dismissed By The District Court, And This Coverage Action Was Administratively Closed Pending The Results Of An Appeal To The Eighth Circuit.

On June 10, 2008, the Plaintiffs here sought a declaratory ruling that they are not obligated to defend Aurora in the Mothershead action. (ECF Doc. # 1). Aurora brought a counterclaim seeking, among other things, a declaration that Aurora is entitled to a defense in the Mothershead action. (ECF Doc. # 52). However, while this action was pending, the court in

121269463v7 00057

5

Mothershead dismissed the plaintiffs' consolidated complaint. The plaintiffs appealed the court's order to the Eighth Circuit Court of Appeals. Pending the results of that appeal, this action was administratively closed, subject to being reopened upon a showing of good cause. (ECF Doc. # 103).

On September 15, 2010 the Eighth Circuit affirmed in part and reversed in part the district court's dismissal. See In re: Aurora Dairy Corp. Organic Milk Marketing and Sales Practices Litig., 621 F.3d 781 (8th Cir. 2010). Specifically, the Eighth Circuit concluded that, while some of the claims against Aurora were preempted by the Organic Foods Production Act of 1990 (OFPA), others not relating to the decision to certify Aurora's product as "organic" or certification compliance (both governed by the OFPA) were not preempted. Id. at 798-99. The Eighth Circuit then remanded the action to the district court for further proceedings.

The district court subsequently entered an order referring the case to alternate dispute resolution. Pursuant to that order, the parties will participate in a mediation in March.

    **C.**    **NSC Is Incurring Defense Costs Under An Interim Funding Agreement With Aurora.**

Plaintiffs ACE, IICNA and NSC have agreed to defend Aurora, subject to a reservation of rights, in the Mothershead action only, and entered into an Interim Funding Agreement (IFA) with Aurora, which sets forth the terms under which they would participate in that defense.[1] A true and correct copy of the IFA is attached as Exhibit A to the Affidavit of Daniel N. West, filed concurrently with this Motion. These three insurers reserved the right to deny coverage and withdraw from the defense based on certain terms and conditions of their respective insurance

---

[1] AIC denied coverage and is not participating in the defense of Aurora. (ECF Doc. # 1 at ¶ 10).

contracts. (ECF Doc. # 1 at ¶ 11). The insurers also reserved the right to recover defense costs incurred if it is determined they had no duty to defend. Id. The IFA was intended to serve only as a temporary funding mechanism that would remain in effect only until the issue of whether or not the insurers were obligated to defend was determined in this action.

This action was administratively closed after the trial court in the Mothershead action ruled in favor of Aurora on the motion to dismiss. (ECF Doc. # 103). NSC opposed the closure on the grounds that, without regard to the status of the underlying action, it was entitled to reimbursement of some or all of the money it has contributed under the IFA either from Aurora or the other insurers who have refused to make any contribution to the defense. (ECF Doc. # 98, NSC and AIC Status Report). Although NSC's objections were overruled, it is now apparent that additional defense expense has been and will continue to be incurred. NSC is responsible for 60% of the defense costs being paid pursuant to the IFA. To-date, NSC has contributed in excess of $900,000 toward Aurora's defense.

## II. ARGUMENT

### A. Good Cause Exists For Reopening This Action.

NSC and AIC respectfully request that this matter be reopened and that a schedule be set for the briefing of dispositive motions. Good cause exists for reopening this case because the Eighth Circuit's partial reversal of the district court's dismissal in the underlying litigation revives the controversy at issue in this declaratory judgment action. Indeed, in its Order administratively closing this action, this Court recognized that "[i]f the Eighth Circuit reverses Judge Webber's decision in Mothershead, such a decision may constitute good cause to reopen this action." (ECF Doc. # 103 at 3). Likewise, in recommending that this Court administratively close this action,

Aurora admitted that it "would agree…that should the Eighth Circuit reverse the District Court's decision, such a decision would constitute good cause to reopen the present case."  (ECF Doc. # 96 at 3).

Good cause also exists for reopening this matter and setting a schedule for briefing of dispositive motions because further delay will severely prejudice NSC.  Aurora continues to incur defense costs in the <u>Mothershead</u> action, which, as discussed above, NSC, ACE and IICNA have agreed to pay, subject to a full reservation of rights.  Pursuant to that agreement, NSC is responsible for the majority of Aurora's defense costs.  Accordingly, NSC has a real and present interest in resolving this coverage dispute.

In addition, to the extent it is determined that the insurers do not have any duty to defend, they will be entitled to reimbursement from Aurora, which can only be had if this matter is reopened and the coverage dispute is resolved.  <u>See</u> <u>First Fed. Sav. and Loan Ass'n of Fargo, ND v. Transamerica Title Ins. Co.</u>, 793 F. Supp. 265, 269 (D. Colo. 1992).  However, even if this Court determines that a duty to defend does exist, NSC will be entitled to seek reimbursement of defense costs paid to-date and contribution going forward from Aurora's non-contributing insurers, Nationwide and General Fire.  As a result, regardless of the outcome of a dispositive motion on the duty to defend, NSC has a real and present interest in resolving this dispute, and will be severely prejudiced by further delay.  This is true without regard to the outcome of a mediation in the underlying action set to take place in March of this year.  Even if the underlying action were settled, NSC would still have a real and present interest in seeking reimbursement of defense costs paid to-date.

### B. This Coverage Dispute Is Ripe For Summary Judgment.

NSC and AIC respectfully request that, upon entering an Order reopening this action, this Court establish a briefing schedule for dispositive motions on the duty to defend. The duty to defend can and must be determined by comparing the insurance policies with the underlying complaint. Under Colorado law, "[t]he allegations in the complaint, together with the insurance policy, are the sole bases for determining whether a duty to defend exists." Lopez v. Am. Fam. Mut. Ins. Co., 148 P.3d 438, 439 (Colo. Ct. App. 2006). Accordingly, no discovery is necessary to make this threshold determination, and, once reopened, this action will be ripe for summary judgment on the issue of whether or not the carriers are obligated to defend.

### CONCLUSION

The reversal in part of the District Court's dismissal of the underlying litigation and the prejudice caused by the continued accrual of defense costs being paid by NSC constitute good cause to reopen this case. Upon reopening, NSC and AIC respectfully request that a schedule for briefing of disposition motions be set so that this coverage dispute can be resolved.

Dated: February 4, 2011

        s/Bethany K. Culp
        HINSHAW & CULBERTSON LLP
        Bethany K. Culp (#154891 – Minnesota)
        333 South Seventh Street, Suite 2000
        Minneapolis, MN 55402-4320
        Telephone:    612- 333-3434
        Facsimile:     612-334-8888
        bculp@hinshawlaw.com

        **ATTORNEYS FOR**
        **PLAINTIFF/COUNTER-DEFENDANTS**
        **NATIONAL SURETY CORPORATION**
        **AND AMERICAN INSURANCE**
        **CORPORATION**

# CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Garrick L. Gallagher<br>Garrick.Gallagher@SandersParks.com | Debora L. Verdier<br>Debora.Verdier@SandersParks.com |
| Liva M. Kiser<br>livia.kiser@lw.com | Mark S. Mester<br>Mark.mester@lw.com |
| Troy Olsen<br>tolsen@rothgerber.com | S. Kato Crews<br>kcrews@rothgerber.com |
| Brad E. Brewer<br>bbrewer@zelle.com | Daniel F. Wake<br>dwake@siwlegal.com |
| Brett N. Huff<br>bhuff@huffandleslie.com | |

s/Bethany K. Culp
HINSHAW & CULBERTSON LLP
Bethany K. Culp (#154891 – Minnesota)
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402-4320
Telephone:    612- 333-3434
Facsimile:    612-334-8888
bculp@hinshawlaw.com

**ATTORNEYS FOR**
**PLAINTIFF/COUNTER-DEFENDANTS**
**NATIONAL SURETY CORPORATION**
**AND AMERICAN INSURANCE**
**CORPORATION**

121269463v7  00057