# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:  08-cv-01236-CBS-BNB
Consolidated with Civil Action No. 09-cv-00346-CBS-BNB

**ACE AMERICAN INSURANCE CORPORATION, a Pennsylvania corporation,**
**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation,**
**NATIONAL SURETY CORPORATION, an Illinois corporation, and**
**THE AMERICAN INSURANCE COMPANY, an Ohio corporation,**

Plaintiffs.

v.

**AURORA DAIRY CORPORATION d/b/a AURORA ORGANIC DAIRY, a Delaware corporation,**

Defendant.

---

**AURORA DAIRY CORPORATION d/b/a AURORA ORGANIC DAIRY, a Delaware corporation,**

Counterclaim Plaintiff and Third Party Plaintiff,

v.

**ACE AMERICAN INSURANCE CORPORATION, a Pennsylvania corporation,**
**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation,**
**NATIONAL SURETY CORPORATION, an Illinois corporation, and**
**THE AMERICAN INSURANCE COMPANY, an Ohio corporation,**

and

**GENERAL FIRE & CASUALTY COMPANY n/k/a AMERICAN FARMERS & RANCHERS MUTUAL INSURANCE COMPANY, an Oklahoma corporation,**

Third-Party Defendants.

**GENERAL FIRE & CASUALTY COMPANY n/k/a AMERICAN FARMERS & RANCHERS MUTUAL INSURANCE COMPANY, an Oklahoma corporation,**

Third-Party Counterclaim Plaintiff,

v.

**AURORA DAIRY CORPORATION d/b/a AURORA ORGANIC DAIRY, a Delaware corporation,**

Third-Party Counterclaim Defendant.

Civil Action No. 09-cv-00346-CBS-BNB

**AURORA DAIRY CORPORATION d/b/a AURORA ORGANIC DAIRY, a Delaware corporation,**

Plaintiff,

v.

**NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, an Iowa corporation,**

Defendant.

## DEFENDANT NATIONWIDE AGRIBUSINESS INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS/COUNTER-DEFENDANTS NATIONAL SURETY CORPORATION'S AND THE AMERICAN INSURANCE COMPANY'S MOTION TO REOPEN

Defendant **NATIONWIDE AGRIBUSINESS INSURANCE COMPANY** ("Nationwide"), by and through its attorneys, **SENTER GOLDFARB & RICE, L.L.C.**, hereby submits the following response to the Motion to Reopen filed by Plaintiffs/Counter-Defendants National Surety Corporation ("NSC") and the American Insurance Company ("AIC"):

2

## **INTRODUCTION**

For the reasons set forth below, it is Nationwide's position that the Court should defer reopening this action until after the completion of a mediation in the underlying class action litigation, which is scheduled for March 15 to 17, 2011. At that time, the parties and the Court will have a better understanding as to the nature and scope of the various claims the parties may have against each other in this action. Because the mediation in the underlying class action litigation will take place in less than thirty days, National Surety Corporation will not suffer severe prejudice if the re-opening of this action does not occur immediately.

## **FACTUAL BACKGROUND**

### A.   **History of the Underlying Class Action Litigation**

Various plaintiffs brought nineteen class action lawsuits in federal district court in numerous states naming Aurora Dairy Corporation ("Aurora") and others as defendants. Among the nineteen class action lawsuits filed is *Mothershead v. Aurora Dairy Corp. d/b/a Organic Dairy*, Case No. 4:07-cv-01701, in the U.S. District Court for the Eastern District of Missouri (the "*Mothershead* action"). The *Mothershead* action is the only matter currently implicated in this coverage action. (NSC and ACE Motion, p. 5)  In their Complaints, including *Mothershead,* the underlying plaintiffs alleged civil violations of various states' laws arising from Aurora's failure to comply with the Organic Foods Protection Act ("OFPA") and the National Organic Program ("NOP"). Specifically, plaintiffs alleged that Aurora and the other defendants knowingly marketed milk as organic when it was not and knowingly made various other false statements in labeling their milk cartons. The United States Judicial Panel on Multi-District Litigation consolidated the nineteen class actions in the Eastern District of Missouri. The MDL

3

proceeding is captioned *In re Aurora Dairy Corp. Organic Milk Marketing and Sales Practices Litigation*, Civil Action No. 4:08-md-01907-ERW (the "Underlying Litigation"). In lieu of filing an answer, Aurora and the other named defendants brought motions to dismiss, which were granted by the district court on the ground that the class plaintiffs' claims were preempted by the OFPA. Plaintiffs appealed the district court's dismissal to the United States Court of Appeal for the Eighth Circuit.

On September 15, 2010, the Eighth Circuit affirmed in part and reversed in part. *See Aurora Dairy Corp. Organic Milk Marketing & Sales Practices Litigation v. Aurora Organic Dairy,* No. 09-2762, 2010 U.S. App. LEXIS 19254 at 50-51 (8th Cir. Sept. 15, 2010). The Eighth Circuit affirmed the dismissal of all claims against Quality Assurance International ("QAI"), the agent that certified Aurora as an organic supplier, on the ground that all of the plaintiffs' state law claims against QAI directly conflicted with the OFPA, and were, therefore, preempted. *Id*. at *38. The Eighth Circuit also affirmed the dismissal of plaintiffs' state law claims premised on Aurora's alleged non-compliance with the OFPA on preemption grounds. *Id*. at *41. However, the Eighth Circuit reversed the district court's dismissal of plaintiffs' state law claims for fraud, false advertising, and consumer protection, finding that "[p]reempting state law claims unrelated to the decision to certify, and certification compliance, did not advance the purpose of establishing national standards for organic foods." *Id.* at *46. The Eighth Circuit remanded the case to the district court to proceed with the plaintiffs' state law claims unrelated to Aurora's organic milk certification. *Id*. at *47.

Shortly after the case was remanded, the district court held a status conference during which the court ordered the plaintiffs to serve an amended complaint consistent with the Eighth

4

Circuit's ruling. On November 23, 2010, the underlying plaintiffs filed an Amended Master Complaint. Subsequently, and upon the request of the parties, the district court entered an order referring the Underlying Litigation to mediation, which is scheduled to take place on March 15 to 17, 2011, in Washington, D.C. The district court further ordered that the defendants' deadline for responding to the Amended Master Complaint is stayed pending mediation.

### B.     Nationwide's Coverage Position

Because there is no potential for coverage under the insurance policies that Nationwide issued to Aurora for any of the claims asserted against Aurora in the nineteen separate class action lawsuit complaints, Nationwide denied any obligation to defend and indemnify Aurora in those matters. Subsequent to the filing of the Amended Master Complaint in the Underlying Litigation, on November 23, 2010, Nationwide advised Aurora that based upon certain allegations in the Amended Master Complaint, Nationwide will participate in the defense of Aurora in the Underlying Litigation from November 23, 2010, the date the Amended Master Complaint was filed, subject to and conditioned upon a complete reservation of Nationwide's rights, including its right to deny coverage and withdraw from the defense as well as its right to recover defense expenses paid if it is determined that Nationwide had no duty to defend. Nationwide has advised Aurora that it will share in the payment of Aurora's reasonable defense expenses incurred from November 23, 2010, with any other insurers that have agreed to defend Aurora in the Underlying Litigation. Nationwide disputes NSC's claim that Nationwide has any obligation to reimburse NSC or Aurora for any past defense costs paid prior to November 23, 2010, the date the Amended Master Complaint was filed in the Underlying Litigation.

### **CERTIFICATE OF COMPLIANCE WITH D.C. COLO. L. CIV. R. 7.1(A)**

On January 26, 2011, counsel for Nationwide conferred via telephone with counsel for NSC and ACE, during which Nationwide's counsel advised that the parties should wait to reopen the coverage action until after the mediation on march 15 to 17 so that the parties would have a better understanding regarding the nature and scope of the disputed claims. Counsel for NSC and ACE opposed Nationwide's proposal.

### **ARGUMENT**

**THE COURT SHOULD DEFER REOPENING THIS ACTION UNTIL AFTER THE MEDIATION IN THE UNDERLYING LITIGATION HAS BEEN CONCLUDED.**

District courts have broad discretion to manage and control their dockets. *Clark v. State Farm Mut. Auto. Ins. Co.,* 590 F.3d 1134, 1140 (10th Cir. 2009); *In re Atlantic Pipe Corp.*, 304 F.3d 135, 143 (1st Cir. 2002). A district court's "inherent powers" are "those which are necessary to the exercise of all others." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980) (internal quotations omitted). The inherent powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). The ultimate purpose in the exercise of such powers is to dispose of cases in an orderly and expeditious manner. *Sherman v. U.S.*, 801 F.2d 1133, 1135 (9th Cir. 1986). The judiciary is "free, within reason, to exercise this inherent judicial power in *flexible, pragmatic ways*." *HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 916 (1st Cir. 1988) (emphasis added).

Accordingly, it is within this Court's inherent powers to wait to reopen this action until after the mediation in the Underlying Litigation has taken place.  Such action is consistent with judicial economy and sound judicial administration.  With the mediation so close at hand, NSC is in no danger of suffering severe prejudice by deferring consideration of the Motion to Reopen.  Upon completion of the mediation, the parties and this Court will have a better understanding of the nature and scope of the claims that may still be at issue in this action, and with that better understanding, the parties will be better able to evaluate whether there is any potential for early resolution of these remaining claims.  For these reasons, Nationwide respectfully requests that the Court defer re-opening this case until, at the earliest, 60 days after the completion of the mediation in the Underlying Litigation.

**DATED**: February 25, 2011

Respectfully submitted,

**SENTER GOLDFARB & RICE, L.L.C.**

s/ Arthur J. Kutzer
Arthur J. Kutzer, Esq.

s/Joel A. Palmer
Joel A. Palmer, Esq.
1700 Broadway, Suite 1700
Denver, CO 80290
Telephone: 303-320-0509
E-mail: akutzer@sgrllc.com
         japalmer@sgrllc.com
*Attorneys for Defendant Nationwide Agribusiness Insurance Company*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of February, 2011, I electronically filed the foregoing **DEFENDANT NATIONWIDE AGRIBUSINESS INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS/COUNTER-DEFENDANTS NATIONAL SURETY CORPORATION'S AND THE AMERICAN INSURANCE COMPANY'S MOTION TO REOPEN** using the CM/ECF system which will send notification of such filing to the following email:

Daniel F. Wake, Esq.
dwake@siwlegal.com

Brad E. Brewer, Esq.
bbrewer@zelle.com

Debora L. Verdier, Esq.
debora.verdier@sandersparks.com

Garrick Lloyd Gallagher, Esq.
garrick.gallagher@sandersparks.com

Troy R. Olsen, Esq.
tolsen@rothgerber.com

Bethany K. Culp, Esq.
bculp@hinshawlaw.com

Jacob S. Woodard, Esq.
jwoodard@hinshawlaw.com

Shushanie E. Kindseth, Esq.
skindseth@hinshawlaw.com

Livia M. Kiser, Esq.
livia.kiser@lw.com

Mark S. Mester, Esq.
mark.mester@lw.com

Shane Kato Crews, Esq.
crews@mstinlaw.com

s/ Andrew C. Murray
Andrew Murray, Legal Secretary

8

00495311