# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:08-cv-01236-CBS-BNB

ACE AMERICAN INSURANCE CORPORATION, a Pennsylvania corporation,
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation,
NATIONAL SURETY CORPORATION, an Illinois corporation,
and THE AMERICAN INSURANCE COMPANY, an Ohio corporation,

    Plaintiffs,

v.

AURORA DAIRY CORPORATION d/b/a AURORA ORGANIC DAIRY, a Delaware corporation,

    Defendant.

---

AURORA DAIRY CORPORATION d/b/a AURORA ORGANIC DAIRY, a Delaware corporation,

    Counterplaintiff,

v.

ACE AMERICAN INSURANCE CORPORATION, a Pennsylvania corporation,
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation,
NATIONAL SURETY CORPORATION, an Illinois corporation,
THE AMERICAN INSURANCE COMPANY, an Ohio corporation,
GENERAL FIRE & CASUALTY COMPANY, an Idaho corporation, and
AMERICAN FARMERS & RANCHERS MUTUAL INSURANCE COMPANY, an Oklahoma corporation,

    Counterdefendants.

---

## AURORA'S FIRST SET OF DOCUMENT REQUESTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Aurora Dairy Corporation d/b/a Aurora Organic Dairy ("Aurora"), by its attorneys, hereby propounds its First Set of Document Requests on Counterdefendants ACE American Insurance Corporation ("ACE"), Indemnity Insurance Company of North America ("IICNA"), National Surety Corporation ("NSC"), The American Insurance Company ("AIC"), General Fire & Casualty Company (d/b/a American Farmers & Ranchers Insurance Company) and American Farmers & Ranchers Mutual Insurance Company (General Fire & Casualty Company and American Farmers & Ranchers Mutual Insurance Company referred to herein collectively as "American Farmers") (collectively, "Counterdefendants"). Aurora requests that Counterdefendants respond separately to these requests and that the documents and things requested herein be produced within thirty (30) days of service hereof at the offices of Aurora's counsel, Latham & Watkins LLP, Attention: Mark S. Mester, 233 South Wacker Drive, Suite 5800, Sears Tower, Chicago, Illinois 60606.

## GENERAL DEFINITIONS AND INSTRUCTIONS

    A.    The term "Insurers," as used herein, shall refer to ACE, IICNA, NSC, AIC, and American Farmers and shall include without limitation any and all consultants, agents and attorneys therefor as well as all parents, subsidiaries, affiliates, divisions, agents, employees, predecessors and successors in interest thereof.

    B.    The terms "you" and "your," as used herein, shall refer to ACE, IICNA, NSC, AIC and American Farmers and shall include without limitation any and all consultants, agents and attorneys therefor as well as all parents, subsidiaries, affiliates, divisions, agents, employees, predecessors and successors in interest thereof.

2

C.      The term "Aurora," as used herein, shall refer to Aurora Dairy Corporation d/b/a Aurora Organic Dairy and shall include without limitation its subsidiaries and affiliates and each of their officers, directors, any and all employees, consultants, agents and attorneys therefor.

D.      The phrases "referring or relating to" and "refer or relate to," as used herein, shall mean all information and all facts and/or documents that directly, indirectly or in any other way support, negate, bear upon, touch upon, incorporate, affect, include, pertain to and/or are otherwise connected with the subject matter about which a document request is being made.

E.      The term "Complaint," as used herein, shall refer to the Complaint For Declaratory Relief filed by Plaintiffs ACE, IICNA, NSC and AIC on or about June 10, 2008, against Aurora in the United States District Court for the District of Colorado, Case No. 1:08-cv-01236-CBS-BNB.

F.      The term "First Amended Counterclaim," as used herein, shall refer to the First Amended Counterclaim filed by Aurora on or about March 17, 2009, against ACE, IICNA, NSC, AIC, and American Farmers in the United States District Court for the District of Colorado, Case No. 1:08-cv-01236-CBS-BNB.

G.      The term "Mothershead," as used herein, shall refer to the Complaint filed by Kristine Mothershead and Leonie Lloyd on or about October 4, 2007 against Aurora Dairy Corporation d/b/a Aurora Organic Dairy in the United States District Court for the Eastern District of Missouri (St. Louis), Case No. 4:07-cv-01701-ERW, and consolidated on February 20, 2008 by the Judicial Panel on Multidistrict Litigation as Case No. 4:08-md-01907-ERW.

H.   The term "CGL Policies," as used herein shall refer to the policies referred to in Paragraph 14, 15 and 16 of Plaintiffs' Complaint, Paragraph 35 of Aurora's Answer to Plaintiffs' Complaint, and Paragraph 45 of Aurora's First Amended Counterclaim.

I.   The term "communication," as used herein, shall mean the transmission, sending and/or receipt of information of any kind by and/or through any means including but not limited to speech, writings, language, computer electronics of any kind, magnetic tape, video tape, photographs, graphs, symbols, signs, magnetic disks, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, photographic film of any type and/or other media of any kind.

J.   The term "document," as used herein, shall mean all material defined in Federal Rule of Civil Procedure 34 and each and every writing or record of every type that is or has been in the possession, custody or control of a responding party or to which a responding party or its counsel has access, including without limitation correspondence, memoranda, stenographic or handwritten notes, drafts, studies, blueprints, journals, invoices, sales slips, vouchers, production records, service records, warranty records, catalogs, advertisements, bulletins, pamphlets, books, publications, pictures, films, voice or other recordings, maps, reports, storage discs or other data records.

K.   The term "person," as used herein, shall mean an individual, proprietorship, partnership, firm, corporation, association, governmental office or other organization.

L.   The words "and" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these document requests any information that might be deemed outside their scope by any other construction.

4

M.  Except as specifically provided herein, words that impart the singular shall include the plural and vice-versa.

N.  If you object to a request on the grounds of privilege or work product, answer the request with such non-privileged documents and information as are responsive, identify the nature of the documents and information withheld as privileged and specify the basis for your claim of privilege.

O.  These requests shall be deemed continuing so as to require further supplemental production by you and in the event you obtain or discover additional information or documents between the time of initial production and the time of hearing or trial. This paragraph shall not be construed to alter your obligations to comply with all other instructions herein.

## REQUESTS FOR DOCUMENTS AND THINGS

**DOCUMENT REQUEST NO. 1:**

All documents that you referred to or relied upon in determining whether you owe Aurora a duty to defend in <u>Mothershead</u>.

**RESPONSE:**

**DOCUMENT REQUEST NO. 2:**

All documents that refer or relate to the underwriting by you of the CGL Policies you issued to Aurora.

5

**RESPONSE:**

**DOCUMENT REQUEST NO. 3:**

All documents that refer or relate to any and all reserves established by you for Mothershead and/or Aurora.

**RESPONSE:**

**DOCUMENT REQUEST NO. 4:**

All documents that refer or relate to communications relating to Aurora, including but not limited to all communications with Aurora's insurance agents and brokers.

**RESPONSE:**

**DOCUMENT REQUEST NO. 5:**

All documents that refer or relate to the potential for herbicides, pesticides and/or bovine growth hormone to cause bodily injury.

6

**RESPONSE:**

**DOCUMENT REQUEST NO. 6:**

Any and all documents that describe the CGL Policies you issued to Aurora and/or any provisions of such CGL Policies.

**RESPONSE:**

**DOCUMENT REQUEST NO. 7:**

All brochures, flyers, written descriptions, summaries and promotional materials that refer or relate to the CGL Policies you issued to Aurora.

**RESPONSE:**

**DOCUMENT REQUEST NO. 8:**

To the extent applicable, all documents that you referred to or relied upon in determining that Vincent Venker had the appropriate experience and expertise to represent Aurora in Mothershead and all documents that you referred to or relied upon in determining that any

7

member of Boggs, Avellino, Lach & Boggs LLC had the appropriate experience and expertise to represent Aurora in <u>Mothershead</u>.

**RESPONSE:**

Dated:  April 24, 2009

Respectfully submitted,

*/s/ Livia M. Kiser*

One of the Attorneys for
Defendant/Counterplaintiff Aurora Dairy
Corporation d/b/a Aurora Organic Dairy

**SANDER, INGEBRETSEN & WAKE, P.C.**
Daniel F. Wake
1660 17th Street, Suite 450
Denver, Colorado  80202
Telephone: (303) 285-5344
Facsimile: (303) 285-5301
Email: dwake@siwlegal.com

**LATHAM & WATKINS LLP**
Mark S. Mester
Livia M. Kiser
233 South Wacker Drive
Suite 5800 Sears Tower
Chicago, Illinois  60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: mark.mester@lw.com
       livia.kiser@lw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2009, I served the foregoing AURORA'S FIRST SET OF DOCUMENT REQUESTS by electronic mail and U.S. mail on the following:

**HINSHAW & CULBERTSON, L.L.P**
Bethany K. Culp
Shushanie E. Kindseth
Jacob Woodard
333 South Seventh Street, Suite 2000
Minneapolis, Minnesota 55402
Email:  bculp@hinshawlaw.com
           skindseth@hinshawlaw.com
           jwoodard@hinshawlaw.com

**SANDERS & PARKS, P.C.**
Garrick L. Gallagher
Debora L. Verdier
1300 SCF Tower
3030 North Third Street
Phoenix, Arizona 85012-3099
Email:  Garrick.Gallagher@SandersParks.com
           Debora.Verdier@SandersParks.com

**ROTHGERBER JOHNSON & LYONS LLP**
Troy R. Olsen
90 S. Cascade Ave., Ste. 1100
Colorado Springs, CO 80903
Email:  TOlsen@Rothgerber.com

*/s/ Livia M. Kiser*
**LATHAM & WATKINS LLP**
Mark S. Mester
Livia M. Kiser
233 South Wacker Drive
Suite 5800 Sears Tower
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email:  mark.mester@lw.com
           livia.kiser@lw.com