**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:08-cv-01236-CBS-BNB,**
*consolidated with* **Civil Action No. 1:09-cv-00346-CBS-BNB**

---

ACE AMERICAN INSURANCE
CORPORATION, a Pennsylvania corporation,
INDEMNITY INSURANCE
COMPANY OF NORTH AMERICA,
a Pennsylvania corporation,
NATIONAL SURETY CORPORATION,
an Illinois corporation, and
THE AMERICAN INSURANCE COMPANY,
an Ohio corporation,

                          Plaintiffs,

   v.

AURORA DAIRY CORPORATION,
a Delaware corporation,

                          Defendant.

---

AURORA DAIRY CORPORATION,
a Delaware corporation,

                          Counterclaim Plaintiff and Third-Party Plaintiff,

   v.

ACE AMERICAN INSURANCE
CORPORATION, a Pennsylvania corporation,
INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA, a Pennsylvania corporation,
NATIONAL SURETY CORPORATION,
an Illinois corporation, and
THE AMERICAN INSURANCE COMPANY,
an Ohio corporation,

                          Counterclaim Defendants,

and

GENERAL FIRE & CASUALTY COMPANY,
an Idaho corporation, and
AMERICAN FARMERS & RANCHERS
MUTUAL INSURANCE COMPANY,
an Oklahoma corporation

                          Third-Party Defendants.

| |
|---|
| GENERAL FIRE & CASUALTY COMPANY,<br>an Idaho corporation,<br>       Third-Party Counterclaim Plaintiff,<br> v.<br>AURORA DAIRY CORPORATION,<br>a Delaware corporation,<br>       Third-Party Counterclaim Defendant. |

**Civil Action No. 1:09-cv-00346-CBS-BNB**

AURORA DAIRY CORPORATION,
d/b/a AURORA ORGANIC DAIRY,
a Delaware corporation,

       Plaintiff,

 v.

NATIONWIDE AGRIBUSINESS
INSURANCE COMPANY,

       Defendant.

---

### PLAINTIFFS/COUNTER-DEFENDANTS NATIONAL SURETY CORPORATION'S AND THE AMERICAN INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION TO REOPEN

---

There is no dispute that this coverage action should be reopened. Rather, the only objection offered by the parties opposing Plaintiffs/Counter-Defendants National Surety Corporation's ("NSC") and the American Insurance Company's ("AIC") motion to reopen relates to timing. Specifically, the objecting parties ask that this Court delay reopening this action until after a mediation in the underlying litigation takes place. Those objections are moot, however, because that mediation will conclude on March 17, 2011 and the hearing on this motion is currently set to take place more than three weeks later. (ECF Doc. # 125). Accordingly, there is no reason for further delay, and this coverage action should be reopened.

121277369v1  00057

2

## I.      GOOD CAUSE EXISTS FOR REOPENING THIS ACTION.

As set forth in NSC's and AIC's motion to reopen, good cause exists to reopen this action because the Eighth Circuit's reversal in part of the District Court's dismissal of the underlying litigation revives the coverage dispute at issue here.  (ECF Doc. #104, Motion at 2-4).

None of the other parties dispute that reopening this coverage action is proper – though Aurora Dairy Corp. ("Aurora"), Nationwide Agribusiness Ins. Co. ("Nationwide") and General Fire & Cas. Co. ("General Fire") all request that this Court delay reopening this action until after the upcoming mediation in the underlying litigation takes place.  (ECF Doc. # 122, Aurora Resp. at 1); (ECF Doc. # 121, Nationwide Resp. at 3); (ECF Doc. # 124, General Fire Resp. at 2).[1] ACE American Ins. Co. ("ACE") and Indemnity Ins. Co. of N. Am. ("IICNA") did not object to or oppose NSC's and AIC's motion to reopen.  (ECF Doc. # 123, ACE/IICNA Resp. at 2).

While NSC and AIC disagree that the upcoming mediation in the underlying litigation affects the issue of whether good cause exists to reopen this coverage action, the issue is moot because the mediation is set to take place between March 15-17, and this motion will be heard on April 8.  Accordingly, there is no reason why this action should not be reopened.[2]

---

[1] Aurora makes several representations about the parties' respective obligations under the Interim Funding Agreement as well as NSC's purported failure to provide a complete defense to Aurora in connection with the Mothershead action and alleged delays in reimbursing Aurora for certain defense costs.  Aurora's representations are not relevant to the current motion to reopen except insofar as they underscore that the parties have an ongoing and present dispute that is ripe for determination.  NSC and AIC will not respond directly to Aurora's representations here, but rather reserve the right to do so at the appropriate time once this action has been reopened.

[2] While Nationwide suggests that this case should not be reopened until 60 days after the mediation in the underlying action is complete, it provides no compelling reason for such a delay.  (ECF Doc. # 121 at 7).  To the contrary, Nationwide's assertion that it "disputes NSC's claim that Nationwide has any obligation to reimburse NSC or Aurora for any past defense costs paid prior to November 23, 2010" underscores the fact that a real and present dispute exists between the parties to this lawsuit.  Id. at 5.

## II.     THIS COVERAGE DISPUTE IS RIPE FOR SUMMARY JUDGMENT.

Once reopened, NSC and AIC respectfully request that this Court establish a briefing schedule for dispositive motions on the duty to defend.  In its response, Aurora appears to suggest that the Scheduling Order initially entered in this case on December 1, 2008 somehow precludes NSC and AIC from bringing a motion for summary judgment until after the close of discovery.  (ECF Doc. # 122 at 10, n.11).  Putting aside the fact that the initial Scheduling Order is no longer operative, however, nothing in that Order prevented any party from moving for summary judgment in advance of the initial dispositive motion deadline or while discovery was ongoing.  (ECF Doc. # 36, Scheduling Order at 13-14).  The Federal Rules specifically state that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgement <u>at any time</u> until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added).  Accordingly, NSC and AIC maintain that the issue of whether the carriers are obligated to provide Aurora with a defense in connection with the <u>Mothershead</u> action is ripe for summary judgment, and ask that this Court establish a briefing schedule for dispositive motions on this issue once the case is reopened.

## CONCLUSION

All parties agree that reopening this action is proper.  Accordingly, the only issue to be decided here is not whether to reopen this action, but when.  The objecting parties' primary objection to reopening this action immediately – that this Court should wait until after the upcoming mediation in the underlying litigation – is moot because that mediation will take place before this motion to reopen will be heard by the Court.  Accordingly, there is no reason not to

121277369v1  00057

grant NSC's and AIC's motion. Upon reopening, NSC and AIC respectfully request that a schedule for briefing of dispositive motions be set so that this coverage dispute can be resolved.

Dated: March 11, 2011

        s/Daniel N. West
HINSHAW & CULBERTSON LLP
Bethany K. Culp (#154891 – Minnesota)
Daniel N. West (#0322581 – Minnesota)
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402-4320
Telephone: 612- 333-3434
Facsimile: 612-334-8888
bculp@hinshawlaw.com
dwest@hinshawlaw.com

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANTS NATIONAL SURETY CORPORATION AND AMERICAN INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Garrick L. Gallagher
Garrick.Gallagher@SandersParks.com

Liva M. Kiser
livia.kiser@lw.com

Troy Olsen
tolsen@rothgerber.com

Brad E. Brewer
bbrewer@zelle.com

Arthur J. Kutzer
akutzer@sgrllc.com

Debora L. Verdier
Debora.Verdier@SandersParks.com

Mark S. Mester
Mark.mester@lw.com

Daniel F. Wake
dwake@siwlegal.com

Joel A. Palmer
japalmer@sgrllc.com

s/Daniel N. West
HINSHAW & CULBERTSON LLP
Bethany K. Culp (#154891 – Minnesota)
Daniel N. West (#0322581 – Minnesota)
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402-4320
Telephone:    612- 333-3434
Facsimile:    612-334-8888
bculp@hinshawlaw.com
dwest@hinshawlaw.com

**ATTORNEYS FOR PLAINTIFFS/COUNTER-DEFENDANTS NATIONAL SURETY CORPORATION AND THE AMERICAN INSURANCE COMPANY**

121277369v1 00057