**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:08-cv-01236-CBS-BNB,
*consolidated with* Civil Action No. 1:09-cv-00346-CBS-BNB

---

ACE AMERICAN INSURANCE CORPORATION,
a Pennsylvania corporation;
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,
a Pennsylvania corporation;
NATIONAL SURETY CORPORATION,
an Illinois corporation; and
THE AMERICAN INSURANCE COMPANY,
an Ohio corporation,

                    Plaintiffs,

    v.

AURORA DAIRY CORPORATION,
a Delaware corporation,

                    Defendant.

---

AURORA DAIRY CORPORATION,
a Delaware corporation,

                    Counterclaim Plaintiff and Third-Party Plaintiff,

    v.

ACE AMERICAN INSURANCE CORPORATION,
a Pennsylvania corporation;
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,
a Pennsylvania corporation;
NATIONAL SURETY CORPORATION,
an Illinois corporation; and
THE AMERICAN INSURANCE COMPANY,
an Ohio corporation,

                    Counterclaim Defendants,

and

GENERAL FIRE & CASUALTY COMPANY,
an Idaho corporation, and
AMERICAN FARMERS & RANCHERS MUTUAL INSURANCE COMPANY,
an Oklahoma corporation,

                    Third-Party Defendants.

GENERAL FIRE & CASUALTY COMPANY,
an Idaho corporation,

                Third-Party Counterclaim Plaintiff,

v.

AURORA DAIRY CORPORATION,
a Delaware corporation,

                Third-Party Counterclaim Defendant.

**Civil Action No. 1:09-cv-00346-CBS-BNB**

AURORA DAIRY CORPORATION,
d/b/a AURORA ORGANIC DAIRY,
a Delaware corporation,

                Plaintiff,

v.

NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,

                Defendant.

## JOINT STATUS REPORT AND REQUEST TO HOLD STATUS CONFERENCE IN LIEU OF SCHEDULING CONFERENCE

Pursuant to the Court's May 16, 2011 Order Resetting Rule 16(b) Scheduling Conference (Dkt. #128), Ace American Insurance Corporation, Indemnity Insurance Company of North America, National Surety Corporation, The American Insurance Company, General Fire & Casualty Company, Nationwide Agribusiness Insurance Company (collectively, "the Insurers") and Aurora Dairy Corporation ("Aurora," and collectively with the Insurers, the "Parties") hereby provide this Joint Status Report And Request To Hold Status Conference In Lieu Of Scheduling Conference on the May 23, 2011.  In support thereof, the Parties state as follows:

### A.    RELEVANT PROCEDURAL HISTORY

1.    As the Court is aware, Plaintiffs/Counter-Defendants National Surety Corporation ("NSC") and The American Insurance Company ("AIC") filed on February 4, 2011 a motion to reopen these proceedings.  See Plaintiffs/Counter-Defendants National Surety Corporation's And The American Insurance Company's Mot. To Reopen ("Mot. To Reopen") (Dkt.#109) at passim.

- 1 -

The cases had previously been administratively closed pending a resolution of the underlying lawsuits giving rise to this coverage litigation.  See id. at 2.

     2.     Specifically, Aurora has been named as a defendant since the fall of 2007 in a number of putative class actions relating to the sale of its organic milk, including Mothershead, et al. v. Aurora, No. 4:07-cv-01701-CAS (E.D. Mo., filed Oct. 4, 2007).

     3.     Aurora previously advised the Court that in February of 2008, Mothershead and the other class actions were transferred by the Judicial Panel on Multidistrict Litigation to the United States District Court for the Eastern District of Missouri for consolidated pretrial proceedings before Judge E. Richard Webber in the matter captioned In re Aurora Dairy Corp. Organic Milk Marketing and Sales Practices Litigation, Case No. 4:08-md-1907-ERW ("In re Aurora Dairy").  See Mot. To Reopen (Dkt.#109) at 5.  After transfer and consolidation, Aurora and the other defendants moved to dismiss, and on June 3, 2009, Judge Webber dismissed the claims against Aurora and its customers in their entirety and with prejudice.[1]  See In re Aurora Dairy Corp., 2009 WL 1576928 (E.D. Mo. 2009).

     4.     Plaintiffs appealed this dismissal to the United States Court of Appeals for the Eighth Circuit.  See Resp. Of Aurora To Mot. To Reopen (Dkt.#122) at 7.  On September 15, 2010, the Eighth Circuit issued an opinion affirming in part and reversing in part the District Court's dismissal.  See In Re Aurora Dairy Corp., 621 F.3d 781, 796-97 (8th Cir. 2010).

     5.     Upon remand, Plaintiffs in the underlying actions filed an amended pleading styled "Master Complaint" purporting to combine the claims in each of the underlying cases into

---

[1] It was shortly after the dismissal of the underlying litigation that this Court administratively closed the instant matter, noting that if the Plaintiffs in the underlying litigation were not successful on appeal, this action would likely be rendered moot.  See Order Administratively Closing Case.

one pleading, subject to the intervening ruling of the Eighth Circuit.  See Resp. Of Aurora To Mot. To Reopen (Dkt.#122) at Ex. G thereto.

7. 6. Following the filing of the Master Complaint, all Insurers have agreed to provide Aurora with a defense in connection with the Master Complaint under a full reservation of rights.

7. The complaint in Mothershead and a number of the underlying actions nevertheless remain a subject in dispute in this case based upon the current state of the pleadings, and those pleadings make no mention of the Master Complaint in the underlying litigation, as the pleadings themselves were filed long before the Master Complaint.  See, e.g., Mot. To Reopen (Dkt.#109) at 1.  The Parties are working to resolve a number of matters related to coverage that relate only in part to Mothershead and that have not been formally presented to this Court, including, inter alia, allocation of defense costs among the Insurers and reimbursement of as-yet-unpaid costs of defense.  See, e.g., Mot. To Reopen (Dkt.#109) at 3; Resp. Of Aurora To Mot. To Reopen (Dkt.#122) at 11.

### B. THE PARTIES' EFFORTS TO RESOLVE THE ISSUE OF THE INSURERS' DEFENSE OBLIGATIONS

8. Since the last hearing before the Court, the Parties have been working and continue to work expeditiously to try to resolve the outstanding issues with respect to the defense obligations of the Insurers.  Prior to and after the April 8, 2011 hearing, the Parties engaged in meaningful discussions on this issue, and on May 18, 2011, the Insurers formally responded to an earlier proposal by Aurora.  The proposals exchanged reflect significant movement on both sides, and the Parties are continuing discussions.

9. The Parties hope and expect that progress will continue to be made in advance of the May 23, 2011 hearing, and the Parties will be prepared during that hearing to provide the Court with a full update as to the status of their discussions and to answer any questions the Court may have.

### C. THE MAY 23, 2011 HEARING AND SCHEDULING ORDER

10. The Parties recognize, however, that they need to move forward in accordance with this Court's prior guidance in the event that they are not able to reach agreement on the scope of the Insurers' defense obligations.

11. Accordingly, the Parties began discussing earlier this week the preparation of a proposed schedule to present to the Court. As the Court may recall, the Parties previously submitted a Scheduling Order to the Court, which the Court entered on December 1, 2008. See Scheduling Order (Dkt.#36). The Parties, however, realized that preparation of a Scheduling Order pursuant to Fed. R. Civ. P. 16(b) in light of the current state of the operative pleadings in this case would not yield a meaningful or workable schedule. So many things have occurred in the underlying cases since the December 1, 2008 Scheduling Order was entered that the Parties acknowledge the need to critically reassess the full spectrum of disputes that are ripe and appropriate for resolution before this Court and then amend the pleadings in accordance therewith. See, e.g., disc. supra at 1-3.

12. Thus, rather than hold a Rule 16(b) Scheduling Conference during the May 23, 2011 hearing, the Parties respectfully request that the Court instead hold a status conference to obtain an update on the Parties' ongoing discussions and to allow the Parties to set a schedule for amendment of the operative pleadings in the event the remaining issues with respect to the Insurers' defense obligations cannot be resolved.

13. In the event the Parties are unable to reach agreement with regard to the Insurers' defense obligations by Monday, May 23, 2011, the Parties believe that it makes the most sense at this juncture for the Court to set a schedule for the filing of amended pleadings and a time period by which a response to those pleadings will be filed.

- 4 -

14.     During this period, the Parties anticipate their discussions will continue with respect to the Insurers' defense obligations.  In the event agreement on that issue cannot be reached and after the pleadings have been appropriately updated, the Court can set another date for the Rule 16(b) Scheduling Conference, and the Parties will then be in a position to provide a meaningful and relevant schedule to the Court.

### D.     CONCLUSION

15.     For the reasons stated herein, the Parties respectfully request that the Court hold a status conference on May 23, 2011 in lieu of a Rule 16(b) Scheduling Conference and allow the Parties to set a schedule for the amendment of pleadings and responses thereto in the event that the Parties are unable to resolve the outstanding issues with respect to the Insurers' defense obligations.  The Parties further request any such other relief that this Court deems appropriate.

Respectfully submitted this 19th day of May, 2011.

/s/Garrick L. Gallagher
Garrick L. Gallagher, One of the Attorneys for
Plaintiffs/Counter-Defendants ACE and IICNA

SANDERS & PARKS, P.C.
Garrick L. Gallagher, Esq.
Debora L. Verdier, Esq.
1300 SCF Tower
3030 North Third Street
Phoenix, Arizona  85012-3099
Telephone:  (602) 532-5600
Facsimile:  (602) 532-5700
E-mail:    Garrick.Gallagher@SandersParks.com
           Debora.Verdier@SandersParks.com


/s/Daniel N. West
Daniel N. West, One of the Attorneys
For Plaintiffs/Counter-Defendants NSC and AIC

HINSHAW & CULBERTSON, L.L.P
Bethany K. Culp, Esq.
Daniel N. West, Esq.

333 South Seventh Street, Suite 2000
Minneapolis, Minnesota 55402
Telephone:  (612) 334-2596
Facsimile:  (612) 334-8888
E-mail:    bculp@hinshawlaw.com
           dwest@hinshawlaw.com

/s/Troy Olsen
Troy Olsen, One of the Attorneys for Third-Party Defendant/Third-Party Counterclaim Plaintiff American Farmers & Ranchers Insurance Company, formerly known as General Fire & Casualty Company

ROTHGERBER JOHNSON & LYONS LLP
Troy Olsen, Esq.
90 South Cascade Avenue, Suite 1100
Colorado Springs, Colorado  80903
Telephone:  (719) 386-3000
Facsimile:  (719) 386-3070
E-mail:    tolsen@rothgerber.com

/s/ Brad E. Brewer
Brad E. Brewer, One of the Attorneys for Defendant Nationwide Agribusiness Insurance Company

ZELLE HOFFMAN VOELBEL & MASON LLP
Brad E. Brewer.
901 Main Street, Suite 4000
Dallas, Texas 75202
Telephone:  (214) 749-3000
Facsimile:  (214) 760-8994
E-mail:  bbrewer@zelle.com

/s/ Mark S. Mester
Mark S. Mester, One of the Attorneys for Defendant/Counterplaintiff Aurora Dairy Corporation

SANDER INGEBRETSEN & WAKE, P.C.
Daniel F. Wake, Esq.
1660 17th Street, Suite 450
Denver, Colorado  80202
Telephone: (303) 285-5344
Facsimile: (303) 285-5301
E-mail:    dwake@siplaw.com

LATHAM & WATKINS LLP
Mark S. Mester, Esq.
Livia M. Kiser, Esq.
233 South Wacker Drive, Suite 5800
Chicago, Illinois  60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
E-mail:    mark.mester@lw.com
              livia.kiser@lw.com

- 7 -

**CERTIFICATE OF SERVICE**

       I hereby certify that on May 19, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Bethany K. Culp
bculp@hinshawlaw.com, dhaugen@hinshawlaw.com

Daniel West
dwest@hinshawlaw.com

Garrick L. Gallagher
Garrick.Gallagher@SandersParks.com

Debora L. Verdier
Debora.Verdier@SandersParks.com

Troy Olsen
tolsen@rothgerber.com

Daniel F. Wake
dwake@siwlegal.com

Arthur J. Kutzer
akutzer@sgrllc.com

Joel A. Palmer
japalmer@sgrllc.com

Brad E. Brewer
bbrewer@zelle.com

                                              /s/ Livia M. Kiser
                                              LATHAM & WATKINS LLP
                                              Mark S. Mester
                                              Livia M. Kiser
                                              233 South Wacker Drive, Suite 5800
                                              Chicago, Illinois  60606
                                              Telephone: (312) 876-7700
                                              Facsimile: (312) 993-9767
                                              E-mail: mark.mester@lw.com
                                                            livia.kiser@lw.com