1

1                  IN THE UNITED STATES DISTRICT COURT
2                      FOR THE DISTRICT OF COLORADO
3     Case No. 08-cv-01236-CBS-BNB
4     ═══════════════════════════════════════════════════════════
5     ACE AMERICAN INSURANCE CORPORATION, et al.,
6          Plaintiffs,
7     vs.
8     AURORA DAIRY CORPORATION,
9          Defendant.
10    ═══════════════════════════════════════════════════════════
11          Proceedings before CRAIG B. SHAFFER, United States
12    Magistrate Judge, United States District Court for the
13    District of Colorado, commencing at 8:33 a.m., May 23, 2011,
14    in the United States Courthouse, Denver, Colorado.
15    ═══════════════════════════════════════════════════════════
16          WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS
17    ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...
18    ═══════════════════════════════════════════════════════════
19                              APPEARANCES
20          GARRICK L. GALLAGHER and DANIEL N. WEST, Attorneys
21    at Law, appearing for the plaintiffs.
22          LIVIA KISER, DANIEL WAKE, TROY OLSEN, MARK MESTER,
23    and PATRICIA ST. PETER, Attorneys at Law, appearing for the
24    ═══════════════════════════════════════════════════════════
25                          STATUS CONFERENCE

2

1    defendants.
2                        P R O C E E D I N G S
3               (Whereupon, the within electronically recorded
4    proceedings are herein transcribed, pursuant to order of
5    counsel.)
6               THE CLERK:  All rise.  Court is in session.
7               THE COURT:  Please, folks, have a seat.
8               All right, this is A-C-E -- or Ace, I suppose --
9    American Insurance Corporation, et al., versus Aurora
10   Organic Dairy, 08-cv-1236.  I will take appearances of
11   counsel.
12              MR. GALLAGHER:  Good morning, Your Honor, Garrick
13   Gallagher for ACE.
14              MR. WEST:  Dan West, Your Honor, for NSC and AIC.
15              MS. ST. PETER:  Your Honor, Patricia St. Peter from
16   Zelle Hoffman.  I submitted my application for admission to
17   the bar, which is (inaudible).
18              THE COURT:  Okay.
19              MR. OLSEN:  Troy Olsen for General Fire & Casualty.
20              MR. MESTER:  Good morning, Your Honor, Mark Mester
21   for Aurora.
22              MS. KISER:  Good morning, Your Honor, Livia Kiser
23   for Aurora.
24              MR. WAKE:  And Dan Wake for Aurora.
25              THE COURT:  Okay.  You all sent me a joint status

1    report and request to hold status conference is lieu of
2    scheduling conference.  I will also say that you all asked
3    if we could do this over the phone, and I will tell that I
4    elected not to adopt the latter proposal because, frankly,
5    I'm really trying to convey to you my sense that this has
6    got to get going.  I mean, folks, I really don't want this
7    on my three-year list, and it is going to be on my three-
8    year list if we can't figure out what to do, so I certainly
9    am more than happy to convert this to a status conference,
10   but I'm going to be listening carefully for some insight
11   because this -- I'm not going to allow this to drift
12   interminably.
13         So tell me what you think.  Somebody.
14         MR. GALLAGHER: Your Honor, Garrick Gallagher.  We
15   have been working diligently to try to resolve this matter,
16   and we had a co-track, as you might remember, where we were
17   trying to mediate the underlying class action case.  That
18   has stalled a little bit, and we've had to reach a new
19   agreement with Aurora about how we might move forward.  The
20   carriers are very close to having an agreement on their
21   side, which we think will be acceptable to Aurora, and vice
22   versa, which would allow us to put this matter to rest.
23   Obviously, there's no guarantees, the devil's in the
24   details, but I think we're closer than we've ever been to
25   that, and I think what our proposal would be is that we

1  could return in 30 days for a scheduling conference, and I
2  would expect within the next week or two we will have our
3  agreement either worked out or realize that we cannot
4  complete that.
5       THE COURT: Then I'm not going to -- I'm not going
6  to push this 30 days. If you tell me in a week or two we
7  will know whether or not we're going to settle, then I'll
8  set this for 17 days out. Folks, we are going to get this
9  resolved one way or the other. I am not going to sit idly
10 by and fiddle while Rome burns, and that's my sense.
11      It's either going to -- you're either going to
12 work it out or you're not. If you're not going to work it
13 out, then I will work it out for you. But at some point I
14 cannot sit by and let you folks just think about thinking
15 about things, we've passed that point. I mean, I'm really
16 looking for something definitive, and if you can't -- if you
17 can't reach some definitive resolution through settlement,
18 then we're going to have to have to proceed with litigation.
19      So --
20      MR. GALLAGHER: Your Honor, we are -- we are doing
21 our best. The problem with the shorter time frame is
22 literally on the insurer's side we have so many different
23 parties to deal with, we just have too many moving pieces.
24      THE COURT: Planes fly everywhere.
25      MR. GALLAGHER: True.

5

1          THE COURT: No, I'm not persuaded. The fact that
2 you've got so many different people, I can't let your
3 decision-makers dictate to me, so you should tell your
4 client or your client representatives, as far as I'm
5 concerned, this needs to be their highest priority. If it's
6 not, then it becomes my highest priority, which means you
7 start litigating very, very seriously and expensively.

8          I am not going to sit by and say, well, you know,
9 Judge, we need 30 days because we've got to harmonize
10 schedules. You've had plenty of time to harmonize
11 schedules. So what would you like me to -- I mean, I know
12 what you'd like me to do, but based upon my assessment, what
13 are we going to do, when am I going to set this next? Today
14 is the 23rd. I am basically going to be out of pocket from
15 June 1st through June 13. I propose to set this matter for
16 a scheduling conference for 9 o'clock on June 15.

17          Now, if you work out your differences between now
18 and then, I'm more than happy to have my staff vacate this,
19 but if you do not send me something definitive and
20 unequivocal saying, Judge, we don't need to have a
21 scheduling conference because we've worked it out, short
22 that kind of definitive statement, I will expect to see all
23 of you here at 9 o'clock on June 15, and I will expect you
24 to submit a scheduling order to me by June 13th.

25          And I will tell you that to the extent that we

1    have a scheduling conference, you should anticipate very,
2    very tight deadlines.  I am not going to have a scheduling
3    conference just to have this thing dither.  So to the extent
4    that you can't get this matter settled, focus very, very
5    precisely on what discovery you actually need to bring this
6    case to conclusion and incorporate that degree of precision
7    in your proposed scheduling order.  Okay?
8               Now, has anybody -- I mean, I don't know whether
9    you have or you haven't, has there been any contact with
10   Magistrate Judge Boland recently to see if he can assist
11   you?  Or you don't need his -- I mean, I'm not suggesting
12   that you should, but that's a resource, and what's going on
13   with that one?
14              MR. MESTER: Your Honor, Mark Mester.  As a matter
15   of fact, there has not been, but it occurred to us in the
16   process as we were -- as we've been negotiating it has been
17   taking longer -- certainly from the perspective of Aurora --
18   than we hoped it would, that Magistrate Boland might well be
19   of assistance.  This was -- the remaining issue, what we're
20   left to negotiate is the reasonableness of our fees, which
21   just happen to be the fees, as you'd expect, as we charge
22   other clients, but we've been trying to work with the
23   carriers to reach an agreement and it has taken longer.  And
24   we appreciate the fact that they have other issues amongst
25   themselves, but, again, meanwhile, the underlying litigation

1   is pending and, you know, there's work to be done.

2               But this was an issue that was presented to
3   Magistrate Judge Boland before, and I do think if we can't
4   reach agreement very soon without affecting the schedule
5   before Your Honor, because I understand your desire to move
6   forward, which is our desire too, that Magistrate Boland
7   could be of assistance.

8               THE COURT: So to the extent that there's a duty to
9   defend, and I'm assuming there's a duty of indemnification
10  -- no, it's just a duty to defend.

11              MS. ST. PETER: At this point, Your Honor, that's
12  correct.

13              THE COURT: Okay.  And it seems to me then, from
14  what you're telling me, the disputes are, one, the amount of
15  your fees and the reasonableness of those fees, and then the
16  allocation of responsibility for paying those fees, which is
17  uniquely a concern among all of your clients.

18              Well, you know, I -- as far as the reasonableness
19  of the fees are concerned -- I mean, I suppose frankly there
20  are some creative ways I would think that you could get
21  around that.  The problem I've got is if you were in front
22  of me as the magistrate judge with settlement
23  responsibility, I could give you some suggestions, but I
24  don't want to overstep my bounds, so to the extent that you
25  think Magistrate Judge Boland would be helpful, I would

1    suggest you get in touch with him sooner rather than later,
2    because I don't know what his summer schedule is, but I'm
3    sure it's crystalizing even as we speak, so if you want to
4    get in front of him, you've got to do it sooner rather than
5    later.  And I will tell you, I don't know that he's going to
6    have any time between now and June 15, so if you want to
7    pursue that avenue, I would suggest you do it immediately.
8              And I would go so far to say that when you're
9    finished here, you might go around the corner and touch base
10   with his chambers and see if he's got any time available
11   between now and the 13th when you have to submit a
12   scheduling order.  But, you know, to the extent that I'm not
13   suggesting this but to the extent that the case hasn't
14   settled because one group of parties or the parties
15   collectively are engaging in brinkmanship, I will tell you,
16   the brink has been identified.  The edge of the cliff is now
17   physically located on June 15th, so brinkmanship will only
18   take you that far.  Come June 15, I will expect you all to
19   hold hands and jump.
20             So any other matters we can address?
21             MR. MESTER: Not from our perspective, Your Honor.
22             THE COURT: Good luck, folks.
23             MR. GALLAGHER: Thank you.
24             THE CLERK: Court is in recess.
25             (Whereupon, the within hearing was then in

9

1  conclusion at 8:43 a.m. on May 23, 2011.)

2

3           I certify that the foregoing is a correct

4  transcript, to the best of my knowledge and belief, from the

5  record of proceedings in the above-entitled matter.

6

7

8       /s/ Bonnie Nikolas                May 31, 2011

9       Signature of Transcriber             Date

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25